

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-13-00114-CR, 07-14-00428-CR

ROBERT EMMANUEL DIGMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 24,202-C, Honorable Ana Estevez, Presiding

December 23, 2014

OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

A jury convicted appellant Robert Emmanuel Digman of two counts of indecency with a child by exposure[1] and assessed punishment on each count at five years' confinement in prison with a fine of $2,500. The court ordered the sentences served consecutively. Two judgments were signed, one for each count.[2] On appeal appellant

---

[1] TEX. PENAL CODE ANN. § 21.11(a)(2)(A),(B) (West 2011).

[2] By *sua sponte* order below, we have severed the appeal into two cause numbers, one for each of the trial court's judgments.

challenges the judgment under Count Two[3] which bears appellate Cause No. 07-13-00114-CR. Appellant does not challenge the judgment under Count One which bears appellate Cause No. 07-14-00428-CR. In its appellee's brief, as for the judgment challenged in Cause No. 07-13-00114-CR, the State concedes charge error caused appellant egregious harm. We agree, and will reverse the trial court's judgment appealed in Cause No. 07-13-00114-CR and remand that case for a new trial. We will affirm the trial court's judgment in Cause No. 07-14-00428-CR.

Background

A two-count indictment charged appellant with indecency with a child by exposure. Count one alleged appellant, while acting with intent to gratify his sexual desire, intentionally and knowingly caused W.C., a child younger than age seventeen, to expose her genitals.

Our concern here is Count Two which alleged:

[O]n or about the 1st day of May, A.D. 2010, in said County and State, and anterior to the presentment of this indictment, that ROBERT EMMANUEL DIGMAN
PARAGRAPH A
did then and there with intent to arouse and gratify the sexual desire of ROBERT EMMANUEL DIGMAN, intentionally and knowingly cause [C.D.], a child younger than 17 years of age, to expose his genitals,
PARAGRAPH B

---

[3] Appellant's initial court-appointed appellate counsel filed a motion to withdraw from the representation supported by a brief under *Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After reviewing the record we found an arguable ground for appeal, granted the motion to withdraw, and abated and remanded the case for appointment of new appellate counsel. *Digman v. State,* No. 07-13-00114-CR, 2014 Tex. App. LEXIS 5830 (Tex. App.—Amarillo May 29, 2014) (per curiam order, not designated for publication). Following reinstatement of the appeal, new appellate counsel filed a merits brief urging the issue now before us.

did then and there with intent to arouse and gratify the sexual desire of ROBERT EMMANUEL DIGMAN, intentionally and knowingly expose his genitals, knowing that [C.D.], a child younger than 17 years of age, was present[.]

During voir dire the prosecutor told members of the jury panel:

Indictments with multiple paragraphs. If an indictment contains multiple paragraphs, that means jury unanimity is not required as to the paragraphs.

That means that out of twelve of the jurors, three could believe that a defendant exposed his genitals to gratify his sexual desire, and the rest of the jurors—the other nine—could believe that a defendant exposed the child's genitals to arouse or gratify the defendant's sexual desire. But you could still find him guilty of indecency with a child by exposure. . . .

Six could believe the red part, six could believe the green part. Three could believe the red, nine could believe the green. . . . As long as you believe it beyond a reasonable doubt.[4]

In the jury charge, a single application paragraph pertaining to Count Two of the indictment disjunctively submitted the questions whether appellant caused exposure of C.D.'s genitals and whether appellant exposed his genitals to C.D. Appellant did not object to the submission, which read as follows:

Now bearing in mind the foregoing instructions, if you unanimously believe from the evidence beyond a reasonable doubt, that the defendant, ROBERT EMMANUEL DIGMAN, on or about the 1st day of May, 2010, in the County of Randall, and State of Texas, as alleged in Count II of the indictment, did then and there, with intent to arouse or gratify the sexual desire of ROBERT EMMANUEL DIGMAN, intentionally or knowingly cause [C.D.], a child younger than 17 years of age, to expose his genitals **or** did then and there with intent to arouse or gratify the sexual desire of ROBERT EMMANUEL DIGMAN, intentionally or knowingly expose his genitals, knowing that [C.D.], a child younger than 17 years of age, was

---

[4] The prosecutor explained that, on an exhibit, she had highlighted one paragraph in green, the other in red.

3

present, you will find the defendant guilty of the offense of Indecency With A Child By Exposure, as alleged in Count II of the indictment, and so say by your verdict. If you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant of Count II and so say by your verdict.

(Bolding and underlining in original).

The attached verdict form for Count Two asked the jury merely to find appellant guilty, or not, "of the offense of Indecency With A Child by Exposure as alleged in Count II of the indictment."

In closing argument, the prosecutor told the jury:

Now remember, six of you can decide [appellant] exposed his own genitals for his sexual gratification, or six of you could decide he exposed [C.D.'s] genitals for his gratification, as long as each one of you believes beyond a reasonable doubt that that happened. You all do not have to agree on whose genitals were exposed for [appellant's] gratification as long as you believe it beyond a reasonable doubt.

The jury found appellant guilty of the offenses alleged under both counts of the indictment and the court imposed the noted sentences.

Analysis

Through a single issue appellant argues the jury charge was flawed in that it permitted conviction under Count Two of the indictment without requiring jury unanimity and the error, although then unchallenged, caused him egregious harm.

When reviewing claims of jury-charge error, we first determine whether an error actually exists in the charge. *Barrios v. State,* 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If error exists and appellant objected to the error at trial, then we determine whether the error caused sufficient harm to require reversal. *Id.; Almanza v. State,* 686

4

S.W.2d 157, 171 (Tex. Crim. App. 1985); *see Ngo v. State,* 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). When, as here, the error was not brought to the attention of the trial court, we will not reverse for jury-charge error unless the record shows egregious harm. *Barrios,* 283 S.W.3d at 350.

In making our determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza,* 686 S.W.2d at 171; *see Garrett v. State,* 159 S.W.3d 717, 719-21 (Tex. App.—Fort Worth 2005)*, aff'd,* 220 S.W.3d 926 (Tex. Crim. App. 2007). Jury charge error causes egregious harm to the defendant if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Almanza,* 686 S.W.2d at 171. In analyzing harm from a jury charge error, neither the State nor the defense has a burden to show harm*. Warner v. State,* 245 S.W.3d 458, 462, 464 (Tex. Crim. App. 2008).

"Under our state constitution, jury unanimity is required in felony cases, and, under our state statutes, unanimity is required in all criminal cases." *Ngo,* 175 S.W.3d at 745. The jurors "must agree that the defendant committed one specific crime." *Landrian v. State*, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008); *see Pizzo v. State,* 235 S.W.3d 711, 714 (Tex. Crim. App. 2007) (jury unanimity required on essential elements of offense). The jury unanimity requirement, however, does not extend to require agreement among jurors on the specific way in which the defendant committed the crime. *Id.* Recognizing that defining crimes is a legislative function, when courts decide what elements and facts require unanimous agreement for conviction, we "implement

the legislative intent behind the penal provision." *Id.*  In cases like that before us, the task requires the court to examine the statute defining the offense to determine whether by its enactment the Legislature defined separate offenses or a single offense with different methods or means of commission.  *Pizzo,* 235 S.W.3d at 714; *see Huffman v. State,* 267 S.W.3d 902 (Tex. Crim. App. 2008) (noting similarity of analysis in jury unanimity and double jeopardy cases); *Vick v. State,* 991 S.W.2d 830, 832 (Tex. Crim. App. 1999) (analysis of legislative intent in double jeopardy context).

In relevant part, the indecency with a child statute reads:

> (a)      A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
>
> > (1)      engages in sexual contact with the child or causes the child to engage in sexual contact; or
> >
> > (2)      with intent to arouse or gratify the sexual desire of any person:
> >
> > > (A)      exposes the person's anus or any part of the person's genitals, knowing the child is present; or
> > >
> > > (B)      causes the child to expose the child's anus or any part of the child's genitals.

TEX. PENAL CODE ANN. § 21.11(a) (West 2011).

The single application paragraph and verdict form for Count Two permitted the jury to find appellant guilty of indecency with a child if jurors determined appellant exposed his genitals, knowing the child C.D. was present, or determined appellant caused C.D. to expose his genitals.  The jury was not required to reach unanimity as to which provision of the statute, § 21.11(a)(2)(A) or § 21.11(a)(2)(B), appellant violated.

6

So the question is whether those two subsections define two separate offenses or two means of committing the same offense.

Our Court of Criminal Appeals has addressed the same question with respect to other subsections of the indecency with a child statute. The court recently reiterated its holding that, by criminalizing indecency with a child by exposure in one subsection of section 21.11(a) and indecency by contact in another subsection, the Legislature created two separate offenses, not two means of committing indecency. *Aekins v. State,* No. PD-1712-13 2014, Tex. Crim. App. LEXIS 1718, at *18 (Tex. Crim. App. Oct. 22, 2014) (citing *Loving v. State,* 401 S.W.3d 642, 646-49 (Tex. Crim. App. 2013)); *see Huffman,* 267 S.W.3d at 907 (sex offenses are nature of conduct crimes and the court has "uniformly required that different types of conduct specified in the various statutes be treated as separate offenses").

*Pizzo,* 235 S.W.3d 711, involved an indecency-by-contact prosecution in which the defendant complained he was denied the right to a unanimous jury verdict because the indictment alleged he touched the child's breasts and genitals but the jury charge authorized conviction on a finding he touched the child's breasts or genitals. *Id.* at 712. The court of appeals held the touching of breasts and genitals, during the same encounter, were not separate offenses but only different means of committing indecency with a child by contact. *Id.* at 713. The Court of Criminal Appeals disagreed.

Guided by its analysis of the grammatical structure[5] of the statute, the court found the focus of the statute's language was the nature of the conduct proscribed, and concluded under section 21.11(a)(1) and (c) "if a person touches the anus, breasts, and genitals of a child with the requisite intent during the same transaction, the person is criminally responsible for three separate offenses." *Pizzo*, 235 S.W.3d at 717-18; *see Loving,* 401 S.W.3d at 648-49; *Huffman*, 267 S.W.3d at 907 (both summarizing court's holding in *Pizzo*).[6]

Application of the court's analysis in *Pizzo* leads directly to the conclusion the two subsections of section 21.11 involved here, subsections (a)(2)(A) and (a)(2)(B), define two separate indecency by exposure offenses, not merely two methods of committing the same offense. We note first that the two subsections are separated by the conjunction "or," indicating that each subsection describes a distinct act, and that an offense is complete when a person commits either act with the required intent. *See Pizzo*, 235 S.W.3d at 717-18 (citing and quoting *Vick*, 991 S.W.2d at 833, for similar conclusion). And, although the two subsections begin with the same subject ("the person") and require the same intent ("intent to arouse or gratify the sexual desire of any person"), they contain different verbs (the person "exposes" vs. the person

---

[5] *See Stuhler v. State,* 218 S.W.3d 706, 718 (Tex. Crim. App. 2007) (citing *Jefferson v. State,* 189 S.W.3d 305, 315-6 (Tex. Crim. App. 2006) (Cochran, J., concurring)).

[6] In *Loving*, describing its holding in *Pizzo*, the court said: "After examining the grammar of the statute, we held that indecency with a child by contact is a conduct-oriented offense and that, 'sexual contact' as charged in that case, 'criminalizes three separate types of conduct—touching the anus, touching the breast, and touching the genitals with the requisite mental state.' We concluded that, because the subsection prohibits the commission of any one of those acts, each act is a separate offense, and the allowable unit of prosecution for indecency with a child by contact is the commission of the prohibited touching." *Loving,* 401 S.W.3d at 648 (internal citations omitted).

"causes") and are completed by different direct objects (the person's anus or any part of genitals vs. the child to expose his anus or any part of genitals).[7] They thus describe two similar but elementally different types of conduct, criminalizing exposure, under particular circumstances and with a particular mental state,[8] of the anus or genitals of different individuals.[9] As the court noted in *Loving*, "The gravamen of the indecency-with-a-child statute is the nature of the prohibited conduct, regardless of whether the accused is charged with contact or exposure." *Loving,* 401 S.W.3d at 649. The conclusion is consistent also with the double-jeopardy analysis in *Harris v. State,* 359 S.W.3d 625 (Tex. Crim. App. 2011), in which the court determined the allowable unit of prosecution for indecency with a child by exposure is "the act of exposure." *Id.* at 632 ("the gravamen of the offense of indecency with a child by exposure is the act of exposure").

The charge's application paragraph improperly permitted jurors to convict appellant of either of two separate offenses without requiring them to be unanimous as to the offense committed. Some jurors may have believed that appellant exposed his genitals for sexual gratification while some might have concluded he caused C.D. to expose his genitals for appellant's gratification. This was error.

_____

[7] We think the clause "the child to expose the child's anus or any part of the child's genitals" is best described as an infinitive clause used as a direct object.

[8] Under either subsection, the child must be under the age of 17 and the person must act with intent to arouse or gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(a), (a)(2) (West 2011).

[9] *Cf. Loving*, 401 S.W.3d at 651 (Cochran, J., concurring) (describing, in double-jeopardy analysis, defendant's act of causing girl to touch his penis as separate criminal act from his act of exposing himself because, *inter alia*, they were acts "committed by separate individuals").

We turn then to the question whether the record adequately demonstrates resulting egregious harm. *Almanza,* 686 S.W.2d at 171. The evidence in this case showed appellant and C.D. were in the bathtub together. The prosecutor's unchallenged voir dire statements and closing argument surely left no doubt in the minds of the jurors that conviction on Count Two was possible even without their unanimity on the offense committed by appellant's conduct.[10] We conclude the charge error deprived appellant of the valuable right to a unanimous verdict. The harm was egregious. *Id.*

Accordingly, we sustain appellant's issue.

Order of Severance

As noted, trial of the case resulted in two separate trial court judgments. We *sua sponte* sever the appeal into separate cause numbers, one for each judgment. Thus, the appeal of the judgment entered as to Count One bears appellate Cause No. 07-14-00428-CR, while the appeal of the judgment entered as to Count Two bears appellate Cause No. 07-13-00114-CR.

Conclusion

We reverse the judgment of the trial court appealed in Cause No. 07-13-00114-CR (Count Two) and remand that portion of the case for a new trial. *See* TEX. R. APP.

---

[10] In *Jourdan v. State*, 428 S.W.3d 86 (Tex. Crim. App. 2014), an aggravated sexual assault case, the court found, on the particular facts presented, the trial court's failure to require jury unanimity did not cause the defendant egregious harm despite statements during voir dire and argument similar to those present here. *Id.* at 98-99. Review of the record in this case convinces us that the potential for a non-unanimous verdict on Count Two is greater than in *Jourdan*.

10

P. 43.2(d).  We affirm the judgment of the trial court in Cause No. 07-14-00428-CR (Count One).  *See* TEX. R. APP. P. 43.2(a).

James T. Campbell
Justice

Publish.