NO. PD-0840-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

_____

**FERNANDO PENA**

Petitioner

v.

**THE STATE OF TEXAS**

Petition in Cause No. B19587-1401 from the
242nd Judicial District Court of Hale County, Texas and
Case No. 07-14-00163-CR in the Court of Appeals for the Seventh
Supreme Judicial District of Texas

_____

**PETITION FOR DISCRETIONARY REVIEW**

JAMES B. JOHNSTON
EASTERWOOD, BOYD & SIMMONS, PC
P. O. Box 273
Hereford, Texas 79045
(806) 364-6801
(806) 364-2526 - telefax
State Bar No: 10838200
ATTORNEY FOR PETITIONER,
FERNANDO PENA

RECEIVED IN
COURT OF CRIMINAL APPEALS

August 11, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................2
INDEX OF AUTHORITIES ...........................................................................3
STATEMENT REGARDING ORAL ARGUMENT ....................................5
STATEMENT OF THE CASE .......................................................................5
STATEMENT OF PROCEDURAL HISTORY ...........................................6
GROUNDS FOR REVIEW ...........................................................................7

1. **When the trial court errs by omitting a unanimity instruction to the jury pursuant to an indictment charging one indecency offense and the evidence at trial identifies two separate and distinct incidences, the Almanza egregious harm standard is an improper bases for analysis even if the defendant did not object to the charge.**

2. **Issues involving the omission of a unanimity instruction in an indecency case should not be analyzed under the traditional Almanza egregious harm standard.**

3. **The Seventh Court of Appeals improperly applied the Almanza egregious harm analysis in this case.**

ARGUMENT ....................................................................................................7
PRAYER FOR RELIEF.................................................................................11
CERTIFICATE OF COMPLIANCE ...........................................................12
CERTIFICATE OF SERVICE .....................................................................13
APPENDIX .....................................................................................................14

# INDEX OF AUTHORITIES

## <u>CASES</u>

Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1984) ........................... 5, 8, 9, 10

Cosio v. State, 353 S.W.3d 766 (Tex. Crim. App. 2011) .............................................. 8

Gelinas v. State, 398 S.W.3d 703 (Tex. Crim. App. 2013) ........................... 5, 8, 9, 10

Ngo v. State, 175 S.W.3d 738 (Tex. Crim. App. 2005) ..................................... 5, 7, 9

Digman v. State, 455 S.W.3d 207 (Tex. App. – Amarillo 2014) ........................... 5, 9

Bell v. State, 2015 Tex. App. LEXIS 3572 (Tex. App. – Dallas 2015) .................. 5, 9

## <u>STATUTES</u>

Tex. Code Crim. Proc. Ann. Article 36 ....................................................................... 7

Tex. Code Crim. Proc. Ann. Article 37 ....................................................................... 7

Tex. Code Crim. Proc. Ann. Article 45 ....................................................................... 7

Tex. Const. Art. V, Section 13 .................................................................................... 7

NO. PD-0840-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

_____

**FERNANDO PENA**

Petitioner

v.

**THE STATE OF TEXAS**

Petition in Cause No. B19587-1401 from the
242nd Judicial District Court of Hale County, Texas and
Case No. 07-14-00163-CR in the Court of Appeals for the Seventh
Supreme Judicial District of Texas

_____

**PETITION FOR DISCRETIONARY REVIEW**

TO THE HONORABLE JUDGES OF THE COURT OF
CRIMINAL APPEALS OF TEXAS:

FERNANDO PENA petitions the Court to review the judgment affirming his

conviction for the second degree felony offense of indecency with a child, and

4

punishment assessed at eight (8) years confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $5,000, and the judgment of the Seventh Court of Appeals affirming that conviction.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument would be helpful to the Court for the purpose of discussing whether it is proper to analyze a trial court's error in omitting a unanimity charge to the jury under the standard of review set forth in *Almanza* and *Gelinas*. There exists a direct conflict among the decisions of the appellate courts of this state regarding the application of the egregious harm standard as set forth in those cases and the cases of *Digman v. State*, 455 S.W.3d 207 (Tex. App. – Amarillo 2014), *Bell v. State*, 2015 Tex. App. LEXIS 3572 (Tex. App. – Dallas 2015), and *Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005).

## STATEMENT OF THE CASE

The Seventh Court of Appeals in its opinion in this case acknowledged that the trial court abused its discretion by omitting a required instruction on jury unanimity {Court of Appeals Opinion, p. 7]. The court concluded, however, that the error, which was not objected to at trial, was not egregious and therefore did not require reversal of the conviction under the *Almanza* standard.

The Court of Appeals held that Appellant did not demonstrate actual, rather than theoretical, harm. The appellate court stated that "From the entirety of the charge and the arguments of counsel, we find little to support a conclusion appellant suffered actual harm . . . . The omission of a unanimity instruction did not affect the very basis of the case, deprive appellant of the valuable right of a unanimous verdict or vitally affect his defensive theory so as to deprive him of a fair trial."

**STATEMENT OF PROCEDURAL HISTORY**

Petitioner pleaded not guilty [RR p. 122] to the offense of indecency with a child as charged in the indictment [CR p. 5]. The indictment charged only one specific incident, but the charge to the jury allowed them to make a finding of guilt based on two separate incidents testified to by the victim [CR pp. 49-50, paragraphs 7 and 8]. The case was tried to a jury, which found Petitioner guilty as charged in the indictment [RR p. 262]. The jury sentenced Petitioner to a term of eight (8) years TDCJ-Institutional Division and a fine of $5,000 [RR pp. 292-293]. Petitioner filed a timely motion for new trial [CR pp. 124-126] and timely notice of appeal [CR p. 85]. The Seventh Court of Appeals affirmed Petitioner's conviction on June 4, 2015. Pena v. State, 2015 Tex. App. LEXIS 5733 (Tex. App. Amarillo June 4, 2015). Petitioner requested an extension of the time to file a petition for discretionary to August 5, 2015, which request was granted.

6

## GROUNDS FOR REVIEW

**When the trial court errs by omitting a unanimity instruction to the jury pursuant to an indictment charging one indecency offense and the evidence at trial identifies two separate and distinct incidences, the Almanza egregious harm standard is an improper bases for analysis even if the defendant did not object to the charge.**

**Issues involving the omission of a unanimity instruction in an indecency case should not be analyzed under the traditional Almanza egregious harm standard.**

**The Seventh Court of Appeals improperly applied the Almanza egregious harm analysis in this case.**

## ARGUMENT

Under Tex. Const. art. V, § 13, jury unanimity is required in felony cases, and, under Tex. Code Crim. Proc. Ann. arts. 36.29(a), 37.02, 37.03, 45.034-45.036, unanimity is required in all criminal cases. The unanimity requirement is a complement to and helps in effectuating the "beyond a reasonable doubt" standard of proof. The unanimity rule requires jurors to be in substantial agreement as to just what a defendant did as a step preliminary to determining whether the defendant is guilty of the crime charged. Requiring the vote of twelve jurors to convict a defendant does little to insure that his right to a unanimous verdict is protected unless this prerequisite of jury consensus as to the defendant's course of action is also required. *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). This language should be a clear indication

7

that the right to jury unanimity is a valuable right, one of the protections expressly delineated by this Court in *Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011). Note that this language, which originated with *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), is in the disjunctive, not the conjunctive. An Appellant need not show all three of the effects of harm in order to obtain a finding of egregious harm. Unfortunately, as appellate precedence on this issue has developed, appellate courts have appeared to require all three of the effects: "affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory". *Cosio*, at *777.

If the right to jury unanimity is a valuable right protected by both constitutional and statutory provisions, that right should be protected by precedence which would either: (1) find that omission of a proper unanimity instruction is *per se* egregious harm, or (2) analyze the error under a "some harm" standard as opposed to an egregious harm standard. As Justices Meyers, Price and Johnson pointed out in their dissenting opinion in *Gelinas v. State*, 398 S.W.3d 703, 713 (Tex. Crim. App. 2013), "Appellate courts have clearly had difficulty judging how to weigh the *Almanza* factors, but the worst feature of the *Almanza* egregious harm standard is that it is so unfair to defendants . . ." As proposed by those Justices, " . . . it would be more equitable to do away with the enigma of *Almanza* and treat all jury charge error under

**8**

the same 'some harm' standard." The omission of a unanimity instruction is a different animal than the omission of other statutorily-based instructions, and a different standard of review should apply. The unfairness of the current analysis is illustrated by the seemingly conflicting application of that standard in cases such as *Digman v. State*, 455 S.W.3d 207, 214 (Tex. App. – Amarillo 2014) ["The charge's application paragraph improperly permitted jurors to convict appellant of either of two separate offenses without requiring them to be unanimous as to the offense committed."]; *Bell v. State*, 2015 Tex. App. LEXIS 3572 at *12-13 (Tex. App. – Dallas 2015) ["Regardless of how often a generic unanimity requirement was mentioned, however, the instructions failed to apprise the jurors that they had to be unanimous on which incident of criminal conduct they believed constituted each count in the indictment. As a result, the entire jury charge in this case weighs in favor of a finding of egregious harm."]; *Ngo v. State*, 175 S.W.3d 738, 752 (Tex. Crim. App. 2005) ["We therefore agree that appellant's constitutional and statutory right to a unanimous jury verdict was violated and this violation caused egregious harm to his right to a fair and impartial trial."]; and the application in *Gelinas v. State*, 398 S.W.3d 703, 710 (Tex. Crim. App. 2013) ["After conducting an *Almanza* analysis in the instant case, we find the erroneous article 38.23 instruction did not egregiously harm *Gelinas*."]. As stated by the dissent in *Gelinas*, "The conflicting decisions of the court of appeals and the

**9**

plurality in this case exhibit the conundrum created by *Almanza* in trying to determine harm vs. egregious harm. Analysis under *Almanza* has resulted in uneven rulings because the factors used to distinguish between harm and egregious harm are difficult to decipher." *Gelinas*, at 713.

The particular problem in employing the *Almanza* standard is illustrated in Petitioner's case, where the Seventh Court of Appeals specifically stated "Though perhaps inclining toward a finding of egregious harm in this case, we assign little weight to the entirety of the charge in our analysis." [Court of Appeals Opinion, at p. 9]. The Seventh Court of Appeals went on to find "no reason a juror who did not accept that testimony (as to one of the two incidents testified to by the victim) would have believed appellant committed the offense only at the birthday party." [Court of Appeals Opinion, at p. 11]. This can amount to only conjecture, a problem which would have been ameliorated by the proper unanimity instruction. As to the analysis of the "entirety of the record" prong of the egregious harm analysis, the appellate Court simply reiterated the requirement of "actual harm," without discussing the force of Petitioner's evidence concerning his absence from the birthday party, the lack of medical evidence, and the improper bolstering of the victim's testimony by the State's witnesses. [Court of Appeals Opinion, at p. 12]. Finally, the Seventh Court of Appeals determined that the argument of the prosecutor, wherein he stated "If you believe this

happened, and there's no reason to not believe this other than you just don't want to, and you believe it happened before January 31, 2014, while Brianna was alive, which all the evidence shows." [RR p. 247, lines 22-25] did not weigh for or against a finding of actual harm. [Court of Appeals Opinion, at p. 11]. Petitioner disagrees, asserting that such an argument was a clear invitation to the jury to convict on either of the two distinct incidents offered by the State.

For the foregoing reasons, Petitioner requests this Court to find that (1) the egregious harm standard of Analysis is inappropriate in a case where the trial court omitted a unanimity instruction to the jury; and/or (2) the Seventh Court of Appeals improperly applied the egregious harm standard in this case. Therefore, the judgment of the Seventh Court of Appeals should be reversed.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Court grant this petition, and upon reviewing the judgment entered by the Seventh Court of Appeals, reverse the judgment of the Court of Appeals with instructions to that court to remand the case to the trial court for a new trial. In the alternative, in the event this Court determines that the court of appeals improperly applied the egregious harm analysis in this case, the Court of Criminal Appeals should reverse the judgment of the Seventh Court of Appeals and remand the case for a more thorough harm analysis.

**11**

Respectfully submitted,

Easterwood, Boyd & Simmons, PC
623 N. Main Street, P.O. Box 273
Hereford, TX 79045
Tel: (806) 364-6801
Fax: (806) 364-2526


By: /s/ James B. Johnston
James B. Johnston
State Bar No. 10838200
Email: bryan@ebs-law.net
Attorney for Fernando Pena


## CERTIFICATE OF COMPLIANCE

This is to certify that the number of words in this document according to the word count of the program used to prepare the document is 2308.


/s/ James B. Johnston
James B. Johnston

## Certificate of Service

       I hereby certify that a true copy of the foregoing instrument was provided to all counsel of record in this matter on the 5th day of August, 2015, in accordance with the Texas Rules of Appellate Procedure.

       State Prosecuting Attorney
       P. O. Box 12405
       Austin, Texas 78711

       Wally Hatch
       Hale County District Attorney
       225 Broadway, Suite 1
       Plainview, Texas 79072

                      /s/ James B. Johnston
                      James B. Johnston

APPENDIX

Opinion of the Seventh Court of Appeals

# [Pena v. State](#)

Court of Appeals of Texas, Seventh District, Amarillo

June 4, 2015, Decided

No. 07-14-00163-CR

**Reporter**

2015 Tex. App. LEXIS 5733

FERNANDO PENA, APPELLANT v. THE STATE OF TEXAS, APPELLEE

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** **[\*1]** On Appeal from the 242nd District Court, Hale County, Texas. Trial Court No. B19587-1401, Honorable Edward Lee Self, Presiding.

## Case Summary

### Overview

HOLDINGS: [1]-While the court abused its discretion by omitting the unanimity instruction, the error was not fundamental because defendant did not suffer egregious harm from the error since the omission of an unanimity instruction did not affect the very basis of the case, deprive defendant of the valuable right of an unanimous verdict or vitally affect his defensive theory so as to deprive him of a fair trial.

### Outcome

Judgment affirmed.

## LexisNexis® Headnotes

Criminal Law & Procedure > Trials > Verdicts > Unanimity

Criminal Law & Procedure > ... > Jury Instructions > Particular Instructions > Unanimity

*HN1* The verdict of a jury must be unanimous about the specific crime the defendant committed. The jury must agree upon a single and discrete incident that would constitute the commission of the offense alleged. Non-unanimity may occur when the State charges one offense and presents evidence that the defendant committed the charged offense on multiple but separate occasions. Each occurrence of the charged offense constitutes a different offense or unit of prosecution. In such cases, it is the trial court's obligation to submit a charge instructing the jury that its verdict must be unanimous as to a single offense or unit of prosecution among those presented. This duty is not discharged through a boilerplate instruction informing the jury that its verdict must be unanimous because the jury might understand the direction to mean it must be unanimous about the offense in general and not a specific occurrence constituting the charged offense. Rather, the jury must be instructed that it must unanimously agree on one incident of criminal conduct (or unit of prosecution), based on the evidence, that meets all of the essential elements of the single charged offense beyond a reasonable doubt. Such an instruction should not refer to any specific evidence in the case and should permit the jury to return a general verdict.

Criminal Law & Procedure > ... > Jury Instructions > Particular Instructions > Unanimity

Criminal Law & Procedure > Trials > Verdicts > Unanimity

*HN2* Avoiding a unanimity problem when one offense is charged but the evidence shows the defendant committed the offense on multiple,

separate occasions is ultimately the responsibility of the trial court. An unanimous verdict is ensured in this situation by instructing the jury in the charge that its verdict must be unanimous as to a single offense or unit of prosecution among those presented. Conversely, the defendant is not compelled to request an election. Indeed, for a strategic purpose a defendant may choose not to request an election.

Criminal Law & Procedure > ... > Jury Instructions > Particular Instructions > Unanimity

Criminal Law & Procedure > ... > Standards of Review > Abuse of Discretion > General Overview

**HN3** When evidence of more than one instance of a criminal act constituting the charged offense is presented at trial, an instruction on juror unanimity as to the specific instance is required. Its omission is an abuse of discretion.

Criminal Law & Procedure > ... > Reviewability > Preservation for Review > Exceptions to Failure to Object

Criminal Law & Procedure > ... > Reviewability > Preservation for Review > Jury Instructions

Criminal Law & Procedure > Appeals > Reversible Error > Jury Instructions

**HN4** A party must generally make a proper objection in the trial court to preserve the error for appeal. Tex. R. App. P. 33.1(a). However, in criminal cases courts may take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved. Tex. R. Evid. 103(e). Fundamental error includes jury charge errors resulting in egregious harm. Reversal then on a claim of egregious harm is possible only if the error was fundamental in the sense that it was so egregious and created such harm that the defendant was deprived of a fair and impartial trial. The harm must be actual rather than theoretical. Egregious harm is a high and difficult standard to meet, and

such a determination must be borne out by the trial record. Actual harm is shown if the error in the charge affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. The appellate court's analysis takes into account the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the trial record as a whole.

Criminal Law & Procedure > Appeals > Reversible Error > General Overview

**HN5** Under the egregious harm standard, reversal is possible only if the record shows actual rather than theoretical harm.

**Judges:** Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**Opinion by:** James T. Campbell

## Opinion

**MEMORANDUM OPINION**

A jury convicted appellant Fernando Pena of one count of indecency with a child by sexual contact[1] and assessed punishment at eight years' confinement in prison and a $5,000 fine. He was sentenced accordingly. Through three issues, appellant complains the trial court abused its discretion by failing to include in the jury charge a unanimity instruction. Appellant further contends he was egregiously harmed by the error. We find the trial court erred in failing to submit a unanimity instruction, but appellant was not egregiously harmed. We will therefore affirm the judgment of the trial court.

Background

---

[1] Tex. Penal Code Ann. § 21.11(a)(1) (West 2011).

The single-count indictment alleged "on or about the 1st day of June, 2013, . . . [appellant] did then and there with the intent to arouse or gratify the sexual desire of said [appellant], intentionally or knowingly engage in sexual contact with B.G. by touching the genitals of B.G., a child younger than 17 years and not the spouse of [appellant]."

[*2] At trial, nine-year-old B.G. testified that while visiting her uncle's home, she and appellant sat on a living-room couch watching television. Appellant touched her "private spot," what she called her "nana," with his hands, under her pajamas and underwear. It is not disputed that the child's reference to her "private spot" and "nana" referred to her genitals. B.G. could not recall the exact date of this occurrence. B.G. told no one at the time.

B.G. testified of another visit to her uncle's home. The occasion was a party celebrating her ninth birthday in July 2013. During the visit, she was seated in a room by the back door watching television. The room was furnished with brown chairs. Appellant joined her in the room and touched her "nana" over her clothing with his hands. B.G. again told no one of the occurrence.

On her own initiative, B.G. later made an audio recording on an electronic video game device. During her trial testimony she agreed with the prosecutor that in the recording she "sa[id] what Freddie had done."[2] B.G.'s stepfather testified he later overheard the recording and told her mother what he heard. Police were contacted.

When B.G. was asked at trial if "Freddie" ever made her touch him, she answered he once "grabbed [her] hands (sic) and put it in his pants" touching his skin. She could not say if this conduct occurred the "first time" appellant touched her or later on her birthday.

A worker at the Children's Advocacy Center (CAC) interviewed B.G. The worker testified at trial but she was not treated as an outcry witness and did not testify to B.G.'s statements to her. B.G. did not receive a medical examination and no medical evidence was presented at trial.

Appellant, approximately 60 years old, is related by marriage to A.A., the wife of B.G.'s uncle. B.G.'s uncle and his wife, A.A., each testified for the defense, and were the only defense witnesses. Their testimony indicated they frequently hosted family gatherings. The uncle was emphatic that at no time were B.G. and appellant alone while visiting at his house. Without equivocation, he further testified that appellant was not present at B.G.'s birthday party. When asked on cross-examination why he did not believe B.G., the uncle explained he had known appellant for sixteen or seventeen years and "you start to [*4] know people, and I honestly believe that he didn't do it." Nine photographs were admitted for the defense through A.A. Seven depicted B.G.'s birthday party. Appellant did not appear in any of these photographs but A.A. indicated that not all birthday-party guests appeared in the photographs. Like her husband, A.A. was certain appellant was not present at B.G.'s birthday party. On cross-examination, A.A. testified she was "certain" also that only once were B.G. and appellant both present at her house. That occasion, she said, was a September football party. A.A. also said the conduct B.G. alleged "didn't happen."

In the jury charge, the application paragraph asked whether appellant engaged in the conduct alleged "on or about June 1, 2013." An instruction informed the jury about the date of the offense:

> The State is not bound by the specific date which the offense, if any, is alleged in the indictment to have been committed. A conviction may be had upon proof beyond a reasonable doubt that the offense, if any, was committed at any time prior to the filing of the

---

[2] It is not disputed that "Freddie," as used by B.G. in [*3] her trial testimony, meant appellant.

indictment which is within the period of limitations. The date of the filing of the indictment in this case was January 31, 2014. **[\*5]** There is no limitation period applicable to the offense of indecency with a child by sexual contact.

Although B.G. testified appellant unlawfully touched her on two occasions the jury was not specifically instructed in the charge that it had to agree unanimously on a single, discrete occurrence constituting the commission of the charged offense.[3] Rather, the only mention of unanimity in the charge at the guilt-innocence phase was the following general instruction:

> After you retire to the jury room, you should elect one of your members as your Presiding Juror. It is the duty of the Presiding Juror to preside at your deliberations, to vote, and, if you unanimously agree upon a verdict, to certify your verdict by completing and signing the verdict form.

> Neither side objected to the absence of a specific unanimity instruction.

> In closing argument, the prosecutor stated:

> If you believe it happened, and you believe it happened anytime between January 31, 2014, back through eternity. I guess it would be back through [B.G.'s] birth day, the actual day she was born. If you believe it happened during that time period, then on or about June 1, 2013 is sufficient.

Later in the argument he added:

> If you **[\*6]** believe this happened, and there's no reason to not believe this other than you just don't want to, and you believe it happened before January 31, 2014, while [B.G.] was alive, which all the evidence shows.

Still later he argued:

If you believe he did it, and I would submit to you the evidence doesn't show anything else, then he has to be found guilty. I mean, in fact, look at Defendant's 8. There's that brown chair by the TV in the side room by the kitchen that she described for you. Ladies and gentlemen, she's not making this up.

Appellant was convicted and sentenced as noted.

Analysis

Appellant argues the trial court abused its discretion by failing to submit a charge containing a specific unanimity instruction. Because this complaint was not made at trial, appellant further asserts that he was egregiously harmed by the error. Necessity of a Specific Unanimity Instruction

*HN1* The verdict of a jury must be unanimous about the specific crime the defendant committed. *Cosio, 353 S.W.3d at 771* (citing *Landrian v. State, 268 S.W.3d 532, 535 (Tex. Crim. App. 2008))*. "[T]he jury must 'agree upon a single and discrete incident that would constitute the commission of the offense alleged.'" *Cosio, 353 S.W.3d at 771* (quoting *Stuhler v. State, 218 S.W.3d 706, 717 (Tex. Crim. App. 2007))*. "[N]on-unanimity may occur when the State charges one offense and presents evidence that the **[\*7]** defendant committed the charged offense on multiple but separate occasions." *Cosio, 353 S.W.3d at 772*. Each occurrence of the charged offense constitutes a different offense or unit of prosecution. *Id.* In such cases, it is the trial court's obligation to submit a charge instructing the jury "that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Id. at 772, 776* (stating even when the State is not put to an election, the trial judge must prepare a charge ensuring a unanimous verdict based on the specific evidence presented). This

---

[3] *Cosio v. State, 353 S.W.3d 766, 771, 772 (Tex. Crim. App. 2011)*.

duty is not discharged through a "boilerplate" instruction informing the jury that its verdict must be unanimous because the jury might understand the direction to mean it must be unanimous about the offense in general and not a specific occurrence constituting the charged offense. *Cosio, 353 S.W.3d at 773-74* (citing *Ngo v. State, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005))*. Rather, "the jury must be instructed that it must unanimously agree on one incident of criminal conduct (or unit of prosecution), based on the evidence, that meets all of the essential elements of the single charged offense beyond a reasonable doubt." *Id.* at 776. "Such an instruction should not refer to any specific evidence in the case and should permit the jury to **[*8]** return a general verdict." *Id.*

The State argues a unanimity instruction was not required because appellant was charged with only one offense, indecency with a child by touching the genitals. When, it continues, the evidence presents multiple occurrences of the conduct alleged by the indictment the defendant may require the State to elect which of the charged acts it will rely on for conviction. But here appellant did not request an election.

**HN2** Avoiding a unanimity problem when one offense is charged but the evidence shows the defendant committed the offense on multiple, separate occasions is ultimately the responsibility of the trial court. *See Cosio, 353 S.W.3d at 776* ("guaranteeing unanimity is ultimately the responsibility of the trial judge because the judge must instruct the jury on the law applicable to the case"). A unanimous verdict is ensured in this situation by instructing the jury in the charge "that its verdict must be unanimous as to a single offense or unit of prosecution among those presented." *Id.* at 772. Conversely, the defendant is not compelled to request an election. *See Ngo, 175 S.W.3d at 747-48* (noting that when, among other scenarios, the State presents evidence of the perpetration of the same criminal act on different **[*9]** occasions the defendant may, but is not

bound to, request the State to elect which specific act it relies on for conviction); *id.* at 747 n.34; *id. at 748* ("A request for an election, however, is not a prerequisite for implementing Texas' constitutional and statutory requirement of jury unanimity"). Indeed, for a strategic purpose a defendant may choose not to request an election. *See Cosio, 353 S.W.3d at 775* ("A defendant may choose not to elect so that the State is jeopardy-barred from prosecuting on any of the offenses that were in evidence").

**HN3** Because evidence of more than one instance of a criminal act constituting the charged offense was presented at trial, an instruction on juror unanimity as to the specific instance was required. *Cosio, 353 S.W.3d at 772*. Its omission was an abuse of discretion.

Egregious Harm Analysis

Appellant did not object to the absence of a unanimity instruction in the charge but contends as a result his trial was fundamentally unfair. **HN4** A party must generally make a proper objection in the trial court to preserve the error for appeal. *See* TEX. R. APP. P. 33.1(a). However, in criminal cases courts may "take notice of a fundamental error affecting a substantial right, even if the claim of error was not properly preserved." TEX. R. EVID. 103(e). **[*10]** Fundamental error includes jury charge errors resulting in egregious harm. *Baker v. State*, No. 02-14-00157-CR, 2015 Tex. App. LEXIS 846, at *4-5 (Tex. App.—Fort Worth Jan. 29, 2015, no pet.) (per curiam, mem. op. on reh'g, not designated for publication) (citing *Saldano v. State*, 70 S.W.3d 873, 887-89 (Tex. Crim. App. 2002))*. Reversal then on a claim of egregious harm is possible "only if the error was fundamental in the sense that it was so egregious and created such harm that the defendant was deprived of a fair and impartial trial." *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015); *Almanza v. State*, 686 S.W.2d 157, 171-72 (Tex. Crim. App. 1985)* (op. on reh'g).

The harm must be actual rather than theoretical. *Villarreal, 453 S.W.3d at 433* (citing *Cosio, 353 S.W.3d at 777*). ″Egregious harm is a 'high and difficult standard' to meet, and such a determination must be 'borne out by the trial record.'″ *Villarreal, 453 S.W.3d at 433* (quoting *Reeves v. State, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013))*. Actual harm is shown if the error in the charge affected '″the very basis of the case,' 'deprive[d] the defendant of a valuable right,' or 'vitally affect[ed] a defensive theory.'″ *Arrington v. State, 451 S.W.3d 834, 840 (Tex. Crim. App. 2015)* (quoting *Cosio, 353 S.W.3d at 777*). Our analysis takes into account the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the trial record as a whole. *Villarreal, 453 S.W.3d at 433*.

Entirety of the Jury Charge

In conjunction with selection of the presiding juror, and that person's duties, the charge instructed, ″if you unanimously **[*11]** agree upon a verdict″ the presiding juror must certify the verdict. But here such general language ensures only that the jurors agreed appellant engaged in the charged conduct at some point in time. *See Ngo, 175 S.W.3d at 745* (commenting, as to substantively identical ″boilerplate″ instruction, ″the jury could well have believed that they need only be unanimous about their 'verdict' of guilty or not guilty of the general offense [charged]″). Some jurors might have believed appellant touched B.G. only on the first occurrence to which she testified while others might have been convinced he committed the offense at her birthday party. Therefore analysis of the entire charge in this case might incline toward a finding of egregious harm. *See Arrington, 451 S.W.3d at 841* (″Because the entire charge did not apprise the jury of the proper

unanimity requirement, we conclude that this factor weighs in favor of finding egregious harm″). On the other hand, the court's error was the omission of an instruction rather than the inclusion of an erroneous instruction. *See Taylor v. State, 332 S.W.3d 483, 493 (Tex. Crim. App. 2011)* (contrasting omission of instruction with charge in another case which mis-instructed the jury).[4] Though perhaps inclining toward a finding of egregious harm in this case, we assign **[*12]** little weight to the entirety of the charge in our analysis. *See Cosio, 353 S.W.3d at 777* (noting merely that charge ″permitted″ non-unanimous verdicts, and that ″nothing in charges themselves militates against″ an egregious harm determination).

State of the Evidence

The State's case was made through the brief testimony of B.G. The jury did not hear medical evidence, the substance of B.G.'s statements at the CAC interview, or the words of her electronically-recorded outcry. Through the testimony of his two witnesses, appellant presented the defense that he was not guilty of the conduct charged, on either occasion to which B.G. testified, and he was definitely not present on her birthday. Because appellant's indecent conduct was described in the evidence only by B.G.'s testimony, the jury could not have convicted appellant without accepting her testimony. And there was little difference in her descriptions of appellant's actions on the two occasions to which she testified. On both occasions, she was seated watching television at her uncle's house when **[*13]** appellant touched her.[5] It is obvious also that the jury did not accept the defense witnesses' assertions of appellant's innocence.

To an extent, appellant's defense focused on his witnesses' insistence that appellant did not attend the birthday party, and thus could not have

---

[4]    The other case referred to in *Taylor, 332 S.W.3d at 493*, was *Hutch v. State, 922 S.W.2d 166 (Tex. Crim. App. 1996)*, in which the court found egregious harm from an instruction that ″was 180 degrees opposite of what it should have been.″ *Hutch, 922 S.W.2d at 172*.

[5]    B.G. testified appellant touched her under her clothing on the first occasion and over her clothing at the birthday party.

committed indecency on that occasion. To that extent, the state of the evidence differs from that in cases like *Ruiz v. State*, 272 S.W.3d 819 (Tex. App.—Austin 2008, no pet.), in which the defendant's theory left the jury with an "all-or-nothing decision." *Id.* at 826; *see Arrington*, 451 S.W.3d at 842 (discussing *Ruiz*); *Jourdan v. State*, 428 S.W.3d 86 (Tex. Crim. App. 2014). Nonetheless, the evidence does not present a likelihood that jurors voted for conviction but did not agree appellant committed indecency on one specific occasion. A juror who accepted the testimony appellant did not attend the birthday party must have found he committed the offense on the first occasion B.G. described. And we see in the evidence no reason a juror who did not accept that testimony would have believed appellant committed the offense *only* at the birthday party. As we have noted, B.G.'s descriptions of the two occasions were very similar. We think a juror who **[*14]** believed her testimony that appellant touched her during her birthday party, over the strong defensive assertions he was not then present, almost certainly also believed appellant committed indecency on the first occasion. *See Taylor*, 332 S.W.3d at 493 ("It is unlikely that the jury believed that [Taylor] sexually assaulted the victim before he turned 17 years old but not after").

Argument

As noted from its quoted excerpts, the prosecutor's argument at times used singular pronouns when referring to the occurrence. But it would be an unwarranted conclusion that such expressions moved the jury toward reaching a non-unanimous verdict. Neither the State nor the defense told the jurors they must be unanimous as to the appellant's guilt on a single incident, but neither told the jury they could convict without unanimity. *Cf. Ngo*, 175 S.W.3d at 750; *Digman v. State*, 455 S.W.3d 207, 210-11 (Tex. App.—Amarillo 2015, pet. ref'd) (in both cases, prosecutors' argument emphasized jury's ability to convict without unanimity on particular conduct). Thus we do not find the argument of counsel weighs for or against a finding of actual harm.

Entirety of the Record

At oral argument, appellant argued that the simplicity of the charge and the evidence in this case heightens the risk of a non-unanimous verdict. As appellant noted, **[*15]** the case involves only a single count alleging indecency but two distinct occasions of conduct. Because the jury was not made to understand that to find appellant guilty they must agree unanimously that he committed the offense on both or only one occasion, he argued, the jury was never required to consider the impact of the defensive evidence he was not present on one of the two occasions alleged. As appellant sees it, the straight-forward case presented by this record carries an even greater risk of non-unanimity than cases like *Arrington*, 451 S.W.3d at 837-39, which involved seven counts and evidence of multiple acts of indecent and assaultive conduct.

*HN5* Under the egregious harm standard, reversal is possible only if the record shows actual rather than theoretical harm. *Bell v. State*, No. 05-13-01616-CR, 2015 Tex. App. LEXIS 3572, at *15-16 (Tex. App.—Dallas Apr. 10, 2015, no pet.) (citing *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013)). From the entirety of the charge and the arguments of counsel, we find little to support a conclusion appellant suffered actual harm. We find the state of the evidence militates against a finding of actual harm. And we find appellant's contention based on the entirety of the record unpersuasive as indicative of actual harm. The omission of a unanimity instruction did not affect the very basis of **[*16]** the case, deprive appellant of the valuable right of a unanimous verdict or vitally affect his defensive theory so as to deprive him of a fair trial.

Conclusion

The trial court abused its discretion by omitting the unanimity instruction, but appellant did not suffer egregious harm from the error, so it was not fundamental. We overrule appellant's issues asserting egregious harm, and affirm the judgment of the trial court.

James T. Campbell

Justice

Do not publish.

Print this page

# Case # PD-0840-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 08/05/2015 11:44:15 PM |
| Case Number | PD-0840-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | James Johnston |
| Firm Name | Easterwood, Boyd & Simmons, P.C. |
| Filed By | James Johnston |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.09 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Grand Total | $3.34 |

## Payment

| | |
|---|---|
| Account Name | Easterwood, Boyd & Simmons, P.C. |
| Transaction Amount | $3.34 |
| Transaction Response | |
| Transaction ID | 10454328 |
| Order # | 006377440-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | 14-100149 |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 08/11/2015 | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. In the future please combine the separate parts of your |

| Other | 11:23:55 AM | petition into one contiguous file; do not electronically file a petition and the Court of Appeals opinion(s) or other appendices as separate documents. [Rule 9.4(j)(4)] You have ten days to tender a corrected petition for discretionary review. |
|-------|-------------|---|

## Documents

| *Attachments* | Pena v. State_ 2015 Tex. App. LEXIS 5733.pdf | [Original] |
|---------------|----------------------------------------------|------------|
| *Lead Document* | PDR.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|------------|------|--------------|--------|--------|------------------|
| Christina McIntee cmcintee@outlook.com | Hale County District Attorney's Office | EServe | Sent | Yes | 08/07/2015 09:39:53 AM |
| Lisa McMinn information@spa.texas.gov | State Prosecuting Attorney | EServe | Sent | Yes | Not Opened |
| Lisa C. McMinn lisa.mcminn@spa.texas.gov | State Prosecuting Attorney's Office | EServe | Sent | Yes | 08/10/2015 07:58:35 AM |