

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1334-12

**AUSTIN LOVING, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### TRAVIS COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, JOHNSON, KEASLER, COCHRAN, and ALCALA, JJ., joined. COCHRAN, J., filed a concurring opinion in which JOHNSON and ALCALA, JJ., joined. PRICE, J., concurred in the result.

### O P I N I O N

Appellant, Austin Loving, was convicted of three counts of indecency with a child by contact and two counts of indecency with a child by exposure involving two sisters. *See* TEX. PENAL CODE § 21.11(a)(1), (a)(2). He was sentenced to seven years' imprisonment for each of the indecency-by-contact counts and ten years' imprisonment,

probated for ten years, on the indecency-by-exposure counts. The Austin Court of Appeals vacated one of Appellant's convictions for indecency by exposure on double-jeopardy grounds, and it affirmed the remainder of his convictions. *Loving v. State*, Nos. 03-11-00074-CR, 03-11-00075-CR, 2012 WL 3601127, at *6 (Tex. App.—Austin Aug. 17, 2012) (memo. op.) (not designated for publication). We granted the State's petition for discretionary review to determine if Appellant's vacated exposure conviction is barred by double jeopardy. We will reverse the judgment of the court of appeals in part and affirm its judgment as modified.

## I. BACKGROUND

Appellant, a nineteen-year-old man, was accused of indecent behavior with two sisters. The victims, ages eight and nine, were invited to play video games in Appellant's bedroom at his mother's apartment. While the sisters were playing video games, Appellant went to a computer near the living room and opened a pornographic website on the computer. The girls came out of the bedroom and saw the pornography on the computer. While the girls were present, Appellant went to the couch in the living room, exposed his genitals, and began masturbating. The girls then left the living room to play more video games. After the sisters reentered the living room, and while Appellant was still masturbating, he touched the youngest girl. After he finished masturbating, he touched the older girl and asked her to touch his penis, but she testified that she "punched it" instead.

In a consolidated trial, Appellant was convicted on three counts of indecency with a child by contact and two counts of indecency with a child by exposure. One contact and one exposure conviction were for his actions regarding the younger sister. The other three convictions were for his indecent behavior with the older sister. The issues presented in this case address only Appellant's convictions for indecency with a child by exposure for exposing his genitals to the older sister and indecency with a child by contact for causing the older sister to touch his genitals. We do not address any of Appellant's other convictions.

The court of appeals affirmed the convictions relating to the younger girl and the contact count alleging Appellant touched the older girl's breast. As to the other counts, the appellate court vacated Appellant's conviction for exposure of his genitals, and it affirmed the contact conviction for causing her to touch his penis. The court held that Appellant's exposure conviction violated double-jeopardy principles because it was factually subsumed by the contact offense. *Loving*, 2012 WL 3601127, at *5; *see* U.S. CONST. amend. V. The court concluded that the exposure was subsumed because the offenses were the same, and the Legislature did not clearly intend for two punishments to be imposed based on the facts of the case. Thus, Appellant's exposure conviction was barred by double jeopardy.

We granted the State's Petition for Discretionary Review to address the following issues:

1. Did the Legislature intend to allow separate punishments for indecency with a child by exposure and contact committed against the same victim when the exposure precedes the contact?

2. Was the exposure in this case subsumed by the sexual contact?

## II. Arguments of the Parties

### A. State's Argument

The State argues that the court of appeals reached the wrong result because it incorrectly concluded that indecency by exposure in this case is a lesser-included offense of indecency with a child by contact and is factually subsumed. The State also contends that when a proper double-jeopardy analysis is performed, indecency with a child by exposure and contact do not have the same elements under *Blockburger*, and the offenses are not the same under the cognate-pleadings approach adopted in *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). The offenses are not the same under *Blockburger*, the State argues, because they have different abstract elements, and they are not the same under *Hall*, because the exposure was not alleged in the allegations of the indictment, nor could it be deduced from the face of the indictment. *Id.* Moreover, the State argues that the court of appeals expressly relied on the facts of the case to reach its conclusion, but the facts of the case are irrelevant in a cognate-pleadings analysis. *See Hall*, 225 S.W.3d at 535–36.

The State also argues that if two offenses are not the same under *Blockburger*, it is presumed that the Legislature intended to allow multiple punishments, absent a clear

manifestation of intent to the contrary. *See Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010); *see also Blockburger*, 284 U.S. at 304. And the State contends that, if the Legislature's intent is unclear as to whether multiple punishments are authorized in this case, the list of nonexclusive factors set out by this Court in *Ex parte Ervin*, 991 S.W.2d 804, 814 (Tex. Crim. App. 1999), should be considered.[1]

Addressing the gravamen-of-the-offense factor in *Ervin*, the State asserts that the focus of the indecency with a child statute is the prohibited conduct, which shows that the Legislature intended for the State to be able to punish a criminal defendant multiple times. To support its argument, the State cites three related cases. *See Gonzales*, 304 S.W.3d at 848 ("[I]f the focus of the offense is the conduct—that is, the offense is a 'nature of conduct' crime—then different types of conduct are considered to be different offenses."); *Pizzo v. State*, 235 S.W.3d 711, 717 (Tex. Crim. App. 2007) (holding in a jury-unanimity case that indecency with a child by contact is a conduct-oriented offense); *see also Vick v. State*, 991 S.W.2d 830, 832–33 (Tex. Crim. App. 1999) (holding in a multiple-punishment case that aggravated sexual assault focuses on prohibited conduct).

---

[1]Those factors include (1) whether the provisions are contained within the same statutory section, (2) whether the offenses are phrased in the alternative, (3) whether the offenses are named similarly, (4) whether the offenses have common punishment ranges, (5) whether the offenses have a common focus (i.e., whether the "gravamen" of the offense is the same), (6) whether that common focus tends to indicate a single instance of conduct, (7) whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger* (i.e., a liberalized *Blockburger* standard utilizing imputed elements), and (8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double-jeopardy purposes. *Ex parte Ervin*, 991 S.W.2d at 814.

Finally, the State argues that indecency with a child is not a continuum case under this Court's decisions in *Weinn v. State*, 326 S.W.3d 189 (Tex. Crim. App. 2010) and *Lopez v. State*, 108 S.W.3d 293 (Tex. Crim. App. 2003), in which this Court held that when the gravamen of a statute is to prevent a continuum of behavior, a person cannot be convicted for violating multiple offenses within that continuum in a single action for a single act.

### B. Appellant's Arguments

Appellant argues that the Legislature did not clearly intend for multiple punishments to be imposed for acts of indecency with a child by exposure and contact when the acts were committed against the same victim at the same time. He asserts that under the cognate-pleadings approach, the elements of indecency with a child by exposure and contact are functionally the same because "[s]ubsumed within both methods [of sexual contact] is either direct genital contact or genital contact through clothing." Appellant's Brief on Discretionary Review at 8, *Loving v. State*, No. PD-1334-12 (Tex. Crim. App. Mar. 4, 2013); *see McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010) (quoting *Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009)). Appellant also contends that the offenses are the same for cognate-pleading purposes because the indictment merely alleges that Appellant caused the victim to touch his genitals and does not specifically state that the touching happened over his clothing.

Appellant also argues that, notwithstanding the gravamen of the statute, under an

analysis of the other *Ervin* factors described by this Court, the two offenses in question are substantially the same for double-jeopardy purposes. *Ex parte Ervin*, 991 S.W.3d at 814. Specifically, Appellant contends that the offenses are contained in the same statute, are similarly named, the provisions are separated in the alternative using the word "or," the provisions share a common focus, and the offenses tend to indicate a single instance of conduct. However, Appellant concedes that the punishment ranges for these offenses are different. Nonetheless, Appellant concludes that the *Ervin* factors support his assertion that the Legislature did not intend to authorize separate punishments in this case.

### III. The Law

Both parties' arguments are predicated on the assumption that the proper analysis includes the application of the *Blockburger* test and the cognate-pleadings approach. However, we employ that analysis only when the charged conduct involves multiple offenses in different statutory provisions that are the result of a single course of conduct. *See Vick*, 991 S.W.2d at 830 (holding that, when the Legislature intends to punish separate acts, even ones in close temporal proximity, the *Blockburger* test does not apply "because the precondition for employing that test (that the two offenses involve the same conduct) is absent"). In this case, the proper analysis is to determine whether the Legislature intended for the separate statutory subsections in a single statute to constitute distinct offenses.[2]  In other words, we must determine the allowable unit of prosecution

[2]This analysis should be distinguished from a multiple-punishments case in which two separate statutes are at issue. In those cases, the *Blockburger* test and a modified version called

for indecency with a child by exposure and contact. In making this determination, we rely on the plain language of the statute and our caselaw interpreting that plain language. *See Gonzales*, 304 S.W.3d at 849 (relying on the phrasing of the statute and our decision in *Vick* to reach the conclusion that the Legislature intended for an accused to be punished twice under those circumstances); *see Vick*, 911 S.W.2d at 832–33 (interpreting the language of the aggravated-sexual-assault statute to determine its focus); *see also Harris v. State*, 359 S.W.3d 625, 630 (Tex. Crim. App. 2011); *Pizzo*, 235 S.W.3d at 715.

When Appellant was charged with committing these crimes,[3] the indecency with a child statute read, in part:

> § 21.11.  Indecency with a Child
> (a) A person commits an offense if, with a child younger than 17 years, whether the child is of the same or opposite sex, the person:
> (1) engages in sexual contact with the child or causes the child to engage in sexual contact; or
> (2) with intent to arouse or gratify the sexual desire of any person:

---

the cognate-pleadings approach are applied to the offenses to determine if they should be treated the same for double-jeopardy offenses. *See Vick*, 991 S.W.2d at 835 (Meyers, J., concurring, joined by Mansfield and Johnson, JJ.) (stating that the *Blockburger* test is employed when multiple offenses for the same act in the same transaction are at issue, not when multiple acts constitute multiple offenses in the same transaction). In those analyses, we can also consider other factors to determine, despite the outcome of the *Blockburger* and cognate-pleadings test, if the Legislature intended to authorize multiple punishments. *Compare Missouri v. Hunter*, 459 U.S. 359, 369–69 (1983) (authorizing multiple punishments, if it is the intent of the Legislature, despite the *Blockburger* test indicating the offenses are the same for double-jeopardy purposes), *with Ex parte Ervin*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999) (holding that because the ultimate question is legislative intent, "the *Blockburger* test cannot authorize two punishments where the [L]egislature clearly intended only one").

[3]In the relevant indictment, Appellant was charged with committing these crimes on or about February 1, 2010. The indecency-with-a-child statute was last amended in 2009. Therefore, the current statute applies to Appellant's actions.

(A) exposes the person's anus or any part of the person's genitals, knowing the child is present; or
(B) causes the child to expose the child's anus or any part of the child's genitals.

\*      \*      \*

(d) An offense under Subsection (a)(1) is a felony of the second degree and an offense under Subsection (a)(2) is a felony of the third degree.

TEX. PENAL CODE § 21.11.

The Double Jeopardy Clause of the Fifth Amendment prohibits the punishment of an accused in a second trial when the accused has already been convicted or acquitted of that crime, and it forbids punishing an accused more than once for the same offense in a single prosecution. *See* U.S. CONST. amend. V; *Gonzales*, 304 S.W.3d at 845; *Bigon v. State*, 252 S.W.3d 360, 369–70 (Tex. Crim. App. 2008); *see also Harris*, 359 S.W.3d at 629. This is a multiple-punishments case. The relevant inquiry in a multiple-punishments double-jeopardy case is always whether the Legislature intended to permit multiple punishments. *Hunter*, 459 U.S. at 368.

However, because two subsections of a single statute are at issue in this case, we must first "ascertain whether [the] alleged conduct violates two distinct statutory provisions within one statute." *Vick*, 991 S.W.2d at 832 (holding that multiple prosecutions for aggravated sexual assault based on different statutory subsections are permissible because the Legislature defined the "allowable unit of prosecution" as each completed act); *Gonzales*, 304 S.W.3d at 847–48 (holding that two punishments imposed

under the same statutory subsection in a single trial were permissible where the subsection prohibits separate acts in separate phrases). "Whether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on [the Legislature's] choice." *Sanabria v. United States*, 437 U.S. 54, 70 (1978). The allowable-unit-of-prosecution inquiry is necessary because, although we are bound by the decisions of the United States Supreme Court interpreting the Double Jeopardy Clause, state legislatures define offenses and can reject grouping offenses in a statute by transaction. *See Vick*, 991 S.W.3d at 833; *see also Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989).

Absent an express statement defining the allowable unit of prosecution, the gravamen of an offense best describes the allowable unit of prosecution. *Gonzales*, 304 S.W.3d at 847–48; *Vick*, 991 S.W.2d at 832. We have recognized that the gravamen of an offense can be (1) the result of the conduct, (2) the nature of the conduct, or (3) the circumstances surrounding the conduct. TEX. PENAL CODE § 6.03; *see Tovar v. State*, 978 S.W.2d 584, 585 n.3 (Tex. Crim. App. 1998); *see e.g.*, *Young v. State*, 341 S.W.3d 417, 423 (Tex. Crim. App. 2011) (examining all three general categories of crime). To determine the gravamen of a statutory provision, we have used various tools, including a focus on grammar, and when examining the statute, we focus on sentence syntax and whether the statute refers to an item in the singular or plural (usually the direct object). *See Jones v. State*, 323 S.W.3d 885, 888 (Tex. Crim. App. 2010); *Huffman v. State*, 267

S.W.3d 902, 906 (Tex. Crim. App. 2008) (citing *Stuhler v. State*, 218 S.W.3d 706, 718 (Tex. Crim. App. 2007)). We have also held that the unit of prosecution can be defined by the element of the offense requiring a completed act and that, if each statutory provision protects a victim from a different type of harm, that is evidence that the Legislature intended for each commission of a prohibited act to be punished separately. *See Jones*, 323 S.W.3d at 890; *Haight v. State*, 137 S.W.3d 48, 50–51 (Tex. Crim. App. 2004).

## IV. Analysis

We first address whether indecency with a child by exposure and contact are separate and distinct offenses. *See Pizzo*, 235 S.W.3d at 711; *Vick*, 991 S.W.2d at 830. In *Vick*, the appellee was acquitted of aggravated sexual assault for allegedly penetrating the child victim's female sexual organ. Later, and for the same conduct, the appellee was charged with causing his penis to contact the child victim's sexual organ and causing the child victim's sexual organ to contact his mouth. *Compare* TEX. PENAL CODE § 22.011(a)(2)(B)(I), *with* § (a)(2)(B)(ii) & (iii). All of the alleged offenses were contained within separate subsections of the same statute. *Id.* § 22.011; *Vick*, 991 S.W.3d at 832. The trial court granted the appellee's motion to dismiss based on double-jeopardy grounds, and the court of appeals affirmed that judgment. After ascertaining the gravamen of the statute, we held that,

> The penetration offense alleged in the first indictment clearly required a separate and distinct act (involving appellee's sexual organ with the child's female sexual organ) from the act alleged in the second indictment (which involved appellee's mouth with the child's sexual organ). In this case the

> second indictment alleged that appellee caused the child's sexual organ to contact his mouth. That conduct constituted a separate and distinct statutory offense from the alleged penetration of the child's sexual organ by appellee's sexual organ, *despite the fact both are violations of a single statute*.

*Vick*, 991 S.W.2d at 833 (emphasis supplied). Thus, we determined that there was no difficulty in concluding that the Legislature authorized two punishments when the accused violated different subsections of the same statute, in the same transaction, because the gravamen of the statute was to proscribe certain specific types of conduct (i.e., the nature of the appellee's conduct). *Id.* We reached this conclusion because the level of detail in the statute reflected the Legislature's intent that discreet acts constitute separate offenses. *Id.* at 849; *see also Haight*, 137 S.W.3d at 51 (holding that the Legislature can define separate offenses within the same statutory subsection, even if the acts are in close temporal proximity).

Turning to this case, the gravamen of the indecency with a child statute is the prohibited conduct. Appellant concedes to this view, the plain language of the statute supports it, and so does our caselaw. *See Harris*, 359 S.W.3d at 630 (stating that a grammatical analysis suggests that the unit of prosecution for indecency with a child by exposure is the exposure and, ultimately, adopting that viewpoint); *Pizzo*, 235 S.W.3d at 718 (holding that three phrases contained within the same subsection of the indecency-with-a-child statute defined three separate offenses for jury-unanimity purposes when separated in the disjunctive); *see also Wallace v. State*, 550 S.W.2d 89, 91

(Tex. Crim. App. 1977).

This Court has previously addressed the indecency-with-a-child statute as it refers to sexual contact. *See Pizzo*, 235 S.W.3d at 718. In *Pizzo*, we had to decide, for jury-unanimity purposes, whether different types of conduct under the same statutory subsection were separate offenses, even though they occurred during the same transaction. *Id.* at 716. After examining the grammar of the statute, we held that indecency with a child by contact is a conduct-oriented offense and that, "sexual contact" as charged in that case, "criminalizes three separate types of conduct—touching the anus, touching the breast, and touching the genitals with the requisite mental state." *Id.* at 719. We concluded that, because the subsection prohibits the commission of any one of those acts, each act is a separate offense, and the allowable unit of prosecution for indecency with a child by contact is the commission of the prohibited touching. *Id.* This outcome is similar to *Harris*, 359 S.W.3d at 631, in which we held that the allowable unit of prosecution for indecency with a child by exposure is each exposure.

Although the definition of sexual contact has changed,[4] the new definition reinforces our conclusion that the various types of activity found in the statute are separate offenses. "Sexual contact" now expressly includes touching through the clothing, and the definition divides prohibited sexual contact into two categories: first, it prohibits

---

[4]*See Pizzo*, 235 S.W.3d at 715 n.23. In *Pizzo*, the subsection defining sexual contact stated, "Any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." *Id.* at 715.

any touching by a person of a child's anus, breast, or genitals; second, it prohibits any touching of any part of a child's body with the anus, breast, or genitals of any person. TEX. PENAL CODE § 21.11(c)(1), (2). Both categories of prohibited touching also require the requisite mental state. *See id.* § 21.11(c). Therefore, the plain language of the statute forbade the touching at issue here because Appellant caused the older sister to touch his genitals when she punched his penis. In addition, the plain language of the statute supports that once an actor commits the prohibited conduct, the offense is complete. Moreover, indecency with a child by exposure and by contact protect children from different potential harms. These are indicia that the Legislature intended to punish the prohibited conduct.

When *Pizzo*, *Vick*, and *Harris* are read together, we can draw two conclusions. First, the gravamen of the indecency-with-a-child statute is the nature of the prohibited conduct, regardless of whether the accused is charged with contact or exposure. Second, because the commission of each prohibited act determines how many convictions may be had for a particular course of conduct, Appellant's conduct in this case violated the indecency-with-a-child statute two separate times.

## V. CONCLUSION

We conclude that Appellant's exposure conviction was not barred by double-jeopardy principles because the Legislature intended to allow separate punishments under these circumstances. We reverse the judgment of the court of appeals vacating

Appellant's conviction for indecency with a child by exposure in Count III of the indictment regarding the older sister, and we affirm its judgment as modified.

Hervey, J.

Delivered: June 26, 2013

Publish