COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DAVID ESPINOZA, | § | No. 08-14-00268-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 120th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20120D03772) |
| | § | |

## O P I N I O N

A jury convicted Appellant David Espinoza of the offenses of aggravated sexual assault of a child younger than fourteen years of age alleged in count one of the indictment and of indecency by contact with a child under the age of 17 alleged in count two of the indictment. The jury assessed his punishment at twenty-one years' confinement in the Texas Department of Criminal Justice (TDJC) and a $5,000 fine for count one and at five years' confinement in the TDJC and a $5,000 fine for count two. The trial court sentenced Appellant accordingly and ordered the sentences to be served consecutively.

## BACKGROUND

The complainant lived in a very small apartment with her grandparents, her three siblings, her mother, and Appellant, who was her mother's common-law husband. The apartment was so small Complainant and her family slept in the living room on a couch, love seat, and an air

mattress. They had lived in a mobile home before moving into the apartment and were in the process of moving into a larger place of their own.

On the night of July 15, 2012, into July 16, 2012, the night of Appellant's arrest, the Complainant was an eleven-year-old girl. Mother left the apartment sometime in the early afternoon to do laundry. Complainant had gone to play with her cousins at the apartment of her Aunt Erica, Appellant's sister. Appellant's sister's son was visiting at Complainant's apartment. Appellant was out drinking with his friends, and eventually his wife called him because she wanted him to come home. She told him to come pick up their nephew, to take him home while he picked up Complainant at the nephew's home. Mother waited for some time for Appellant to return, but when Appellant did not show up at their apartment, Mother decided to take her nephew home and pick up Complainant.

When she left the apartment she saw, parked on the side of the apartments, a pickup Appellant would sometimes drive but her aunt often borrowed. Mother continued to her sister-in-law's apartment and dropped off her nephew, but Complainant was not at the sister-in-law's apartment. Mother went back home and noticed the pickup was still parked beside the apartments, so she stopped beside the truck, got out of her truck, walked over to the other truck and opened the driver's side door. Appellant was sitting in the driver's seat, but Complainant was sitting in the passenger's seat with her pants and underwear down around her ankles. Appellant pointed out that his pants were up, and he claimed he was doing nothing to Complainant other than "checking her." When Complainant got into the back seat of Mother's vehicle, she began crying and said "her dad tried to do the nasty with her."

Mother asked Complainant if she wanted her to call the police, and Complainant said she did.

2

When Mother asked Complainant what had happened, she said that Appellant had tried to "do the nasty" with her and had tried to put his penis inside her. Mother found a Sheriff's deputy stopped nearby and told him what had just happened. When the deputy approached Appellant, who was sitting on the tailgate of his truck at the apartment complex, Appellant replied, "[w]hatever they said is hearsay." The officer read Appellant his *Miranda*[1] rights and arrested him.

Complainant also gave a statement at that time and was taken to Sierra Hospital, where she underwent a sexual-assault exam and tested positive for chlamydia. Interviews revealed that this was not Complainant's first outcry regarding being molested by Appellant. Complainant had made an outcry to her mother once before, regarding an incident in a trailer, but Mother had not believed the accusation. In the first outcry, Complainant had told Mother that on a previous date, Appellant had pulled Complainant's pants down and touched her genitals over her underwear while she was helping Appellant move some items left behind at a trailer where the family had lived previously. Then, on July 15, 2012, but before the assault in the truck, while Complainant slept on an air mattress in the living room of the apartment, Appellant had pulled down both his and Complainant's pants and underwear and, despite Complainant's attempts to get away from him, pulled her toward him and touched her genitals with his penis.

### Appellate Issues

Appellant originally raised a single issue:

> The trial court constructively amended Count II of the indictment by alleging in the jury charge a different 'on or about' offense date than that alleged in Count II, in that the amended 'on or about' offense date corresponded to a different indecency with child offense.

In a supplemental brief, Appellant raises what he designates as a supplemental point:

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant's conviction of indecency with child represents a multiple punishment for the same offense, and must therefore be vacated pursuant to the Double Jeopardy Clause of the Fifth and Fourteenth Amendments.

**Original Point on Appeal**

We first address the complaint Appellant raised in his original brief on appeal, as we understand the complaint. The indictment alleged, in pertinent part of Count One, that:

[O]n or about the 15th day of July, 2012 and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, DAVID ESPINOZA, hereinafter referred to as Defendant,

Paragraph A
did then and there intentionally or knowingly cause the penetration of the sexual organ of [Complainant], a child who was then and there younger than 14 years of age, by the means of the sexual organ of DAVID ESPINOZA,

Paragraph B
did then and there intentionally or knowingly cause the sexual organ of [Complainant], a child who was then and there younger than 14 years of age, to contact the sexual organ of DAVID ESPINOZA . . . . [Emphasis added].

COUNT TWO - 2012-07407

And the Grand Jurors of aforesaid, upon their oaths aforesaid, do further say, charge and present in and to said Court at said term that on or about the 1st day of January, 2011 and anterior to the presentment of this indictment, in the County of El Paso and State of Texas, DAVID ESPINOZA, hereinafter referred to as Defendant,

did then and there with intent to arouse and gratify the sexual desire of the said Defendant, intentionally and knowingly engage in sexual contact with [COMPLAINANT], hereinafter referred to as Complainant, a child who was then and there younger than 17 years of age and not the spouse of said Defendant by then and there touching any part of the genitals of said Complainant. [Emphasis added].

The trial court instructed the jury in the charge that:

On or about does not mean a certain date, but means a date anterior to the presentment of the indictment, and within the statute of limitations. The date of the indictment in this case is August 14, 2012. There is no statute of limitations for these offenses.

4

. . .

**AS TO COUNT II:**

. . .

If you find from the evidence beyond a reasonable doubt that on or about the 15ᵗʰ day of July, 2012, in El Paso County, Texas, the Defendant, DAVID ESPINOZA [committed the offense alleged in Count II of the Indictment . . . .][Emphasis added].

**Original Complaint**

In the original brief, Appellant contends the jury charge, instead of tracking the indictment, was changed by the trial court and, therefore, allowed the jury to convict of sexual assault of a child under fourteen years of age, indecency with a child younger than fourteen years of age or younger than seventeen years of age, and that the jury charge, thereby, created confusion that forms the basis of Appellant's sole complaint on appeal. Appellant failed to raise his jury charge complaints at trial and brings them forward for the first time on appeal.

Count One of the indictment alleges that, on or about July 15, 2012, Appellant committed aggravated sexual assault of a child younger than 14 years of age by intentionally or knowingly causing Appellant's sexual organ to penetrate the child's sexual organ or by causing the child's sexual organ to contact Appellant's sexual organ. In Count Two, the indictment alleged that, on or about January 1, 2011, Appellant committed the offense of indecency with a child by, with intent to arouse and gratify his sexual desire, touching any part of the genitals of Complainant, a child younger than 17 years of age and not the spouse of Appellant.

The jury charge, however, instructed the jury to consider the date actually alleged in Count Two of the indictment, on or about July 15, 2012, in considering Appellant's guilt as to both counts.

5

Neither the State nor Appellant objected to the jury instruction. In his original brief on appeal, Appellant argues that by improperly changing the "on or about" January 1, 2011 date alleged in Count Two of the indictment to July 15, 2012, in the jury charge, the jury was in effect instructed to convict Appellant of an indecency offense not alleged in the indictment. Appellant further argues:

> If the trial court had retained the January 1, 2011 'on or about' date alleged in Count II of the indictment, the jury would have known to confine its analysis to the earlier indecency with child offenses which [Complainant] testified had occurred two years earlier – one of which had allegedly taken place on an air mattress in her apartment and the other at a trailer house she and [Appellant] had allegedly visited to 'get something.'

That is, he explained, the change of the "on or about" offense date of Count Two resulted in a constructive amendment to the indictment, forcing the jury to convict Appellant of the same "aggravated sexual assault" offense of which the jury had convicted Appellant in Count One of the indictment. Appellant also contends:

> By reason of this constructive amendment of the indictment, the jury never considered whether Espinoza was guilty of these two previous indecency with child offenses which [Complainant] testified that [Appellant] had allegedly committed against her 'on or about' January 1, 2011, as alleged in Count II of the indictment.

The State first suggests Appellant waived his complaint because he failed to object to any error in the jury charge. The general rule is that mandated by *Malik v. State*.[2] We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case."[3] The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the

---

[2] *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

[3] *Id.*, at 240.

State's theories of liability, and adequately describes the particular offense for which the defendant was tried."[4] "The law as 'authorized by the indictment' includes the statutory elements of the offense" and those elements as modified by the indictment.[5]

The Texas Court of Criminal Appeals has provided guidance in how both trial and appellate courts should address offenses involving repeated commission of the same or essentially the same offense in *Sledge v. State.*[6] If either Appellant or the State is addressing a lack of notice issue, neither side requested notice of either a specific date or a specific location. The *Sledge* court explained a proper approach to addressing an offense that includes commission of multiple acts on non-specific, multiple dates:

> This Court has held that the State need not allege a specific date in an indictment. *Mitchell v. State*, 168 Tex.Crim. 606, 330 S.W.2d 459, 462 (1959). It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period. *See* art. 21.02(6); *Scoggan v. State*, 799 S.W.2d 679, 680 n. 3 (Tex.Crim.App. 1990)('[t]he State is not bound by the date alleged in the indictment . . . so long as the date proved is a date anterior to the presentment of indictment and the crime's occurrence is not so remote as to be barred by limitation.'); *Thomas v. State*, 753 S.W.2d 688, 692 (Tex.Crim.App. 1988) ('[w]here an indictment alleges that some relevant event transpired "on or about" a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations.').

> In the instant case, the dates of the offenses proven—1986 and 1987—are anterior to the presentation of the indictment on December 5, 1989, and are within the ten year limitation period. *See* art. 12.01(2)(D). Therefore under this Court's construction of art. 21.02, it was allowable for the State to proceed on events that occurred in 1986 and 1987, even though the indictment alleged that the offenses occurred 'on or about August 31, 1988.'[7]

---

[4] *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex.Crim.App. 2013).

[5] *Daugherty,* 387 S.W.3d at 665.

[6] *Sledge v. State,* 953 S.W.2d 253 (Tex.Crim.App. 1997).

[7] *Sledge,* 953 S.W.2d at 255-56.

While it is better practice for a defendant to request as much specificity as possible, especially as to those things that distinguish the specific act falling within the description of the offense, failure to request specificity does not necessarily render those offenses proved at trial as extraneous. Nor do discrepancies between those details provided in response to the request for notice and those proved at trial necessarily render the offenses proved that do not strictly comply with the discovery provided in response to the request for specificity extraneous offenses.

Six months after filing his initial brief on appeal, Appellant filed a supplemental brief, arguing that the order that Appellant's sentences be served consecutively constituted a violation of the State and Federal prohibitions against double jeopardy.[8] In his Supplemental Brief on appeal, Appellant first raises a double jeopardy issue. The State responded with a Supplemental Letter of Authorities, pointing out that this issue had been addressed in the original State's brief when Appellant briefly addressed the issue in his original brief, pointing out that there was no double jeopardy violation where there was evidence of multiple incidents of contact and penetration that could have formed the basis of each count. The State directed this Court to *Loving v. State*[9] in support of its argument that the contact did not violate the Double Jeopardy Clause where there were multiple separate incidents of contact and penetration that could have formed the basis for each count.

The record contains testimony that Appellant committed indecency with a child by contact and by exposure in the truck the night Appellant was arrested, on an earlier occasion in their apartment while Complainant was on an air mattress, and on another earlier date in a trailer where the family used to live. In all, Complainant testified the Appellant had been engaging in sexual

---

[8] *Ex parte Ervin*, 991 S.W.2d 804, 817 (Tex.Crim.App. 1999); *Bigon v. State,* 252 S.W.3d 360, 364 (Tex.Crim.App. 2008).

[9] *Loving* v. *State,* 401 S.W.3d 642, 649 (Tex.Crim.App. 2013).

indecency and sexual assault of her for two or three years. That is, there is sufficient evidence in the record from which the jury could have found sufficient evidence in the record that, if believed beyond a reasonable doubt, would have supported the jury's verdicts as to the allegations in both counts of the jury charge without violating Double Jeopardy protections. The trial court specifically instructed the jury that the "on or about" dates alleged meant the State was not required to prove a specific date and the jury was not required to find the specific date named either in the indictment or in the jury charge.

The record provides evidence from which a jury could have concluded beyond a reasonable doubt that Appellant's conduct violated the indecency-with-a-child statute two separate times, both by contact and by exposure, and thus multiple punishments were not jeopardy barred.

As the Texas Court of Criminal Appeals has repeatedly instructed us:

> This Court has held that the State need not allege a specific date in an indictment. *Mitchell v. State*, 168 Tex.Crim. 606, 330 S.W.2d 459, 462 (1959). It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period. *See* art. 21.02(6); *Scoggan v. State*, 799 S.W.2d 679, 680 n. 3 (Tex.Crim.App. 1990)('[t]he State is not bound by the date alleged in the indictment . . . so long as the date proved is a date anterior to the presentment of indictment and the crime's occurrence is not so remote as to be barred by limitation.'); *Thomas v. State*, 753 S.W.2d 688, 692 (Tex.Crim.App. 1988)('[w]here an indictment alleges that some relevant event transpired "on or about" a particular date, the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations.')[10]

Appellant asserts that because the July 15, 2012 date of the aggravated sexual assault and Appellant's arrest was conclusively established, "[n]o confusion exists in the trial record regarding the July 15, 2012 offense date as being the offense date relating to [C]ounts I and II." But this assertion is readily controverted by the record, which, as discussed in the State's original brief,

---

[10] *Sledge,* 953 S.W.2d at 255-56.

includes evidence from multiple witnesses, including Mother's admission of Complainant's earlier outcry that she failed to believe, and evidence from Complainant and from Appellant himself, of multiple, separate, and distinct offenses.

Thus, because the jury was presented with evidence of multiple, separate sexual offenses alleged to be committed by Appellant against Complainant, the date alleged as the date of the offense alleged in Count One will not control regarding an offense alleged to have occurred on an earlier or different offense date.[11]  But again, Appellant's stated rule of law is not on point.

The jury was instructed in Count Two of the indictment that the offense was committed on one date but, in the jury charge, to consider whether the evidence proved a different date, that date alleged in the indictment as the date the offense set out in Count One was committed.  Although *Yzaguirre* dealt with ineffective assistance of counsel, the Court of Criminal Appeals has explained,

> Appellant was convicted of aggravated sexual assault of a child by anal intercourse.  The indictment alleged that the offense occurred 'on or about April 23, 1995.'  However, the State introduced no evidence of such conduct occurring on April 23, 1995.  Instead, the State elicited testimony from the child that around the Thanksgiving holidays during the preceding year, '[appellant] put his penis in my rear,' and an affirmation that he remembered 'other times last year when something like this happened.'  Appellant's trial attorney neither objected to the testimony nor asked for a limiting instruction.[12]
>
> .    .    .
>
> This case is governed by *Sledge*.  In the absence of evidence that the offense occurred on April 23, 1995, the State was entitled to rely upon an instance of prior conduct occurring during the preceding year that otherwise met the description of the offense in the indictment.  Hence, had counsel objected and asked for a limiting instruction, the trial court would have properly denied the objection and request as to at least one of the prior instances of conduct, and the jury would have had sufficient evidence upon which to convict the appellant.  The burden of showing

---

[11] *Id.*

[12] *Yzaguirre*, 957 S.W.2d at 39.

10

prejudice under *Strickland* is upon the appellant. Because sufficient evidence upon which to convict appellant would have existed even absent the alleged ineffectiveness, and no other reason for finding prejudice is apparent, we find that appellant has failed to meet his burden.[13] [Citations omitted].

The above reasoning controls the case now before this Court. The notice and unanimity rules that are of constitutional magnitude in most criminal cases have been set aside when we address cases in which young children are the complainants, especially in sexually-based cases.[14] Our courts have pointed out that young children often are unaware of an exact date or lack the intellectual maturity to pinpoint dates. The courts have held that notice requiring specificity in pleading an exact date must give way to protection of the very young.[15]

Nowhere in the record does Appellant request more specificity than that provided either by the indictment or any other form of accusation or discovery. The jury instruction involving the date different from that alleged in the indictment drew no objection. Nor is there any complaint in the record that the date contained in the jury instruction is in any way an impossible date or a date that conflicts with the rule of *Malik.*[16]

And although Appellant cites *Yzaguirre* for the proposition that the absence of evidence to show that the offense occurred on a date other than the one alleged dictates that "the date alleged will be controlling and not an earlier or different offense date," the *Yzaguirre* Court made no such holding. Instead, relying on *Sledge v. State,*[17] it held that "[i]n the absence of evidence that the offense occurred on [the specific date alleged in the indictment], the State was entitled to rely upon

---

[13] *Yzaguirre,* 957 S.W.2d at 39.

[14] *Render v. State,* 316 S.W.3d 846 (Tex.App.—Dallas 2010, pet. ref'd).

[15] *Yzaguirre,* 957 S.W.2d at 39.

[16] *Malik v. State,* 953 S.W.2d 234 (Tex.Crim.App. 1997).

[17] *Sledge v. State*, 953 S.W.2d 253 (Tex.Crim.App. 1997).

an instance of prior conduct occurring during the preceding year that otherwise met the description of the offense in the indictment."[18]

In any case, as discussed above and in the State's original brief, the record in this case includes evidence of multiple, separate, and distinct offenses: evidence that other offenses occurred on dates other than the one alleged in the indictment. Thus, even if the *Yzaguirre* rule of law as argued by Appellant is correct, it would not apply to the facts of this case. Based on the record in the case now before this Court, the jury's convictions for both the greater offense of aggravated sexual assault of a child in Count One and the lesser (but not included) offense of indecency with a child in Count Two support the jury's verdicts of guilt beyond a reasonable doubt and were not jeopardy barred.

We, therefore, overrule Appellant's issues on appeal and affirm the trial court's judgment on appeal as to both Counts One and Two. And because the record supports the verdicts of two separate convictions, we overrule Appellant's challenge to the trial court's ordering the sentences be served consecutively.

Having overruled Appellant's issues on appeal, we affirm the trial court's judgment.


January 31, 2019

LEE ANN DAUPHINOT, Judge

Before McClure, C.J., Rodriguez, J., and Dauphinot, Judge
Dauphinot, Judge (Sitting by Assignment)

(Do Not Publish)

---

[18] *Yzaguirre,* 957 S.W.2d at 39.