

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00199-CR
_____

HAI VAN NGUYEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 30340A, Honorable Dee Johnson, Presiding

August 16, 2024

OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Hai Van Nguyen, was convicted by a jury of continuous sexual abuse of a child and indecency with a child.[1]  By three issues, Appellant contends: (1) his convictions for indecency with a child and continuous sexual abuse of a young child violate the Fifth Amendment Double Jeopardy Clause; (2) in the alternative, the judgment of conviction for indecency with a child was not authorized by

_____

[1] TEX. PENAL CODE ANN. §§ 21.02(b); 21.11(d).

law; and (3) the attorney's fees assessed for the appointed attorney were improper. We affirm as modified below.

## BACKGROUND

Appellant sexually abused his daughter, H. N., from the age of seven until she was fourteen. In addition to various sex acts, Appellant also touched his daughter's breasts. In high school, H.N.'s counselor recommended to her mother she seek psychiatric help due to concern over her suicidal thoughts. Appellant asked H.N. not to disclose the sexual abuse to the psychiatrist. One day, after coming home sick from school and catching Appellant filming her while she was changing clothes, H.N. decided to call the police and report the abuse she had suffered.

Appellant was subsequently arrested and indicted on two counts: continuous sexual abuse of a young child ("Count I"); and indecency with a child ("Count II"). At his trial, the State insisted the touching of the breasts constituted a different offense apart from continuous sexual abuse of a child. Accordingly, the jury convicted him of not only continuous sexual abuse of a child, but indecency with a child. This resulted in two judgments against him, to be served consecutively. This appeal followed.

## STANDARD OF REVIEW

A constitutional error, if found, is subject to harmless error review, and a reviewing court is required to reverse the "judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." TEX. R. APP. P. 44.2(a); *Hughes v. State*, ___ S.W.3d ___, 2024 Tex. Crim. App. LEXIS 402, at *32 (Tex. Crim. App. 2024). The State, as the beneficiary of

2

the error, has the burden to show on appeal that the constitutional error was harmless beyond a reasonable doubt. *Hughes*, 2024 Tex. Crim. App. LEXIS 402, at *33 (citing *Haggard v. State*, 612 S.W.3d 318, 328 (Tex. Crim. App. 2020); *Wells v. State*, 611 S.W.3d 396, 411 (Tex. Crim. App. 2020)).

We review the assessment of court costs, including court-appointed attorney's fees, to determine if a basis exists for the award. *Johnson v. State*, 423 S.W.3d 385, 389–90 (Tex. Crim. App. 2014). If there is no basis in the record to support assessment of court-appointed attorney's fees, the proper remedy is to reform the judgment by striking the court-appointed attorney's fees. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013).

**ANALYSIS**

**ISSUES ONE AND TWO—DOUBLE JEOPARDY**

Appellant's first issue argues his convictions for continuous sexual abuse of a young child and indecency with a child violate the Double Jeopardy Clause. His second issue argues, in the alternative, the trial court was not authorized by law to present the indecency with a child charge to the jury. Appellant's complaints focus on the fact the "lesser" crime of touching the victim's breasts occurred during the same period as the more extreme sexual assaults upon the victim. He argues the punishment for indecency with a child is cumulative in this instance because the conduct was part of the ongoing sexual abuse which the continuous sexual abuse statute was designed to address. Appellant urges his conviction for both counts, therefore, punishes him multiple times for

3

the same conduct. Accordingly, he asks this Court to reverse the conviction or to delete the sentence for Count II—indecency with a child.

A challenge based on double jeopardy may be raised for the first time on appeal when (1) the undisputed facts show the double jeopardy violation is clearly apparent from the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest. *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014) (citing *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)). We find no claim raised by Appellant in the record, and therefore he must demonstrate both that there is error on the face of the record and enforcement of procedural default serves no legitimate state interest. TEX. R. APP. P. 33.1.

Appellant acknowledges the jurisprudence of this State currently provides a double jeopardy violation occurs if the same act is required for two separate offenses and the defendant is convicted of both. *See Ramos v. State*, 636 S.W.3d 646, 657 (Tex. Crim. App. 2021); *Hernandez v. State*, 631 S.W.3d 120, 124–25 (Tex. Crim. App. 2021); *Vidrio v. State*, No. 07-19-00369-CR, 2020 Tex. App. LEXIS 6490, at *11–13 (Tex. App.—Amarillo Aug. 14, 2020, no pet.) (mem. op., not designated for publication). Appellant also admits, in the present case, the act of touching the victim's breasts, which constitutes the offense of indecency with a child he was charged with, is not part of the acts which constitute both indecency with a child and the charged conduct of continuous sexual abuse of a young child.[2] Thus, at least strictly in the statutory context, the touching of the

---

[2] The act of touching the victim's breasts is specifically statutorily exempted from the corpus of conduct which can constitute continuous sexual abuse of a young child. TEX. PENAL CODE ANN. § 21.02(c)(2) (". . . indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner *other than* by touching, including touching through clothing, the breast of a child . . .").

4

breast constitutes an offense entirely separate from continuous sexual abuse of a young child. *Supra.* At least based upon the current state of the law, we do not find any apparent double jeopardy violation on the face of the record.[3]

Appellant also does not demonstrate there are no state interests which would be served in adhering to the usual procedural default rules. *Garfias*, 424 S.W.3d at 58. Of the three kinds of double jeopardy complaints, Appellant claims he suffered from the multiple punishments variety. *Id.*[4] For complaints about multiple punishment violations of double jeopardy, the error must be raised at trial and cannot be raised for the first time on appeal. *Gonzalez*, 8 S.W.3d 640, 645–46 (Tex. Crim. App. 2000) ("[R]equiring appellant to have timely raised his multiple punishments claim in the trial court serves legitimate state interests and is consistent with the underlying policies of the general rules of procedural default.").[5]

Appellant was indicted from the beginning of the case for continuous sexual abuse *and* indecency with a child. There was no surprise or other circumstance in which he did not have notice of the flaw in the case of which he now complains. At no point during the

---

[3] *See also Nawaz v. State*, 663 S.W.3d 739, 748 (Tex. Crim. App. 2022) (injury to a child convictions for causing serious bodily injury and serious mental deficiency to child not found to violated double jeopardy because each injury enumerated separately in statute); *Loving v. State*, 401 S.W.3d 642, 648–49 (Tex. Crim. App. 2013) (convictions for exposure and contact under indecency with a child statute found not to violate double jeopardy because each is a distinct offense).

[4] "There are three types of double jeopardy claims: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. A multiple-punishments violation can arise either in the context of lesser-included offenses, where the same conduct is punished under a greater and a lesser-included offense, and when the same conduct is punished under two distinct statutes where the Legislature only intended for the conduct to be punished once." *Id.*

[5] *Accord, Cano v. State*, Nos. 07-17-00337-CR, through 07-17-00346-CR, 2018 Tex. App. LEXIS 5846, at *9 (Tex. App.—Amarillo July 30, 2018, pet. ref'd) (mem. op., not designated for publication).

proceedings, including the jury charge conference and in his post-conviction motion for new trial, did Appellant ever raise his double jeopardy concerns to the trial court. Accordingly, he has failed to preserve these issues for review. TEX. R. APP. P. 33.1.

With regard to his second issue, the sentence is unauthorized by law, he largely relies on two cases for his proposition: *Price v. State*, 434 S.W.3d 601 (Tex. Crim. App. 2014) and *Soliz v. State*, 353 S.W.3d 850, 853 (Tex. Crim. App. 2011). *Price* addressed the issue of whether a defendant can be convicted of an attempted offense of continuous sexual abuse of a child concurrently with a completed offense. *Price*, 434 S.W.3d at 604. In resolving the issue, the Court of Criminal Appeals ultimately determined the continuous abuse statute to be ambiguous, and then considered the legislative intent behind the statute and whether allowing concurrent conviction would run afoul of double jeopardy. *Id.* at 611. The Court held the attempted offense was a lesser-included offense of the completed offense, and a concurrent prosecution of both attempted and completed offenses violated double jeopardy and frustrated the Legislature's intent. *Id.* at 609–11. In *Soliz*, the Court of Criminal Appeals held the enumerated offenses which form the conduct for continuous sexual abuse are lesser-included offenses of continuous sexual abuse. *Soliz*, 353 S.W.3d at 854. Appellant uses these cases to basically arrive at his original complaint: the conviction for indecency with a child is a multiple punishment of his conviction of continuous sexual abuse of a child and violates double jeopardy. Again, because he failed to preserve his double jeopardy complaint, he did not preserve this issue for review.[6]

---

[6] We also do not find the consecutive sentencing of Appellant to be unauthorized by law. *See* TEX. PENAL CODE ANN. § 3.03(b)(2)(A) (permitting consecutive sentencing for continuous sexual abuse of a child

6

We overrule Appellant's first and second issues.

## ISSUE THREE—ATTORNEY'S FEES

Appellant's third issue challenges the assessment of attorney's fees.[7]  He argues the assessment of attorney's fees was improper when he was determined to be indigent and incapable of paying fees by the trial court.  The State concedes this issue, citing *Cates*, 402 S.W.3d at 252.  The State further agrees the proper remedy is to reform the judgment and delete the order to pay attorney's fees.

Accordingly, we sustain Appellant's third issue.

## CONCLUSION

We modify each respective *Judgment of Conviction by Jury* and corresponding *Bill of Costs* entered in this matter to delete the requirement that Appellant pay $14,730.00 in court-appointed attorney's fees.  We also order the District Clerk to prepare amended bills of costs reflecting the same, and to provide the amended bills of costs to this Court, as well as to Appellant and the Texas Department of Criminal Justice.  *Ramos v. State*, No. 07-13-00447-CR, 2015 Tex. App. LEXIS 4715, at *6–7 (Tex. App.—Amarillo May 7, 2015, no pet.) (mem. op., not designated for publication).  Furthermore, this order of reformation extends to any order to withdraw funds from Appellant's inmate account.

---

and indecency for a child); *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) (consecutive sentencing statutorily limited by TEX. PENAL CODE ANN. § 3.03).

[7] It should be noted, despite charging him an amount for court-appointed attorney's fees, the bill of costs reflects the balance as "$0.00" for the item.  It is questionable whether he would owe any of these fees.  *See Bruedigam v. State*, No. 07-23-00429-CR, 2024 Tex. App. LEXIS 3644, at *3–4 (Tex. App.—Amarillo May 28, 2024, no pet. h.).

The trial court's judgments are affirmed as modified.

Alex Yarbrough
Justice

Publish.