**Opinion filed August 30, 2024**



## In The

# Eleventh Court of Appeals

_____

## No. 11-23-00089-CR

_____

## JOHN TOWMEY A/K/A JOHN TWOMEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR28744**

### M E M O R A N D U M   O P I N I O N

John Towmey a/k/a John Twomey, Appellant, was indicted for two counts of aggravated kidnapping. *See* TEXAS PENAL CODE ANN. § 20.04 (West Supp. 2023). Appellant entered an open plea of guilty on both counts. The trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of life for each count and entered judgment sentencing Appellant accordingly. In Appellant's sole issue on appeal, he contends that his

convictions for two counts of aggravated kidnapping against the same victim violate the double jeopardy clause. We affirm in part and vacate in part.

*Factual and Procedural History*

Appellant does not challenge his open plea, nor the sufficiency of the evidence. As a result, we recite only those facts that are relevant to the disposition of the issue raised on appeal.

Appellant and Anna Hamilton (a pseudonym) met online and began exchanging messages. Appellant traveled from Texas to Alabama to pick Anna up, telling her that he could save her from her father, whom Appellant said was "grooming" her. Appellant drove the two from Alabama to Brownwood, Texas—to Appellant's parents' house. Appellant's parents were told that Anna was twenty years old, but Anna told the SANE nurse that Appellant knew she was fourteen years old. Anna was sexually abused by Appellant multiple times on the drive from Alabama to Texas, and again at Appellant's parents' home.

The police department in Ozark, Alabama, along with the sheriff's office and the FBI received information that Anna was taken to Brownwood by Appellant. Lieutenant Troy Carroll, of the Brownwood Police Department, received a call from the Ozark Police Department reporting that Appellant and Anna were in Brownwood. Lieutenant Carroll located an address for Appellant and, along with two other officers, went to investigate. When they arrived, Appellant answered the door. Appellant first denied that he knew Anna, but he subsequently admitted that Anna was in the house and that he had had sex with her multiple times.

Police searched the home where they found Appellant and Anna and also discovered a firearm. The firearm was significant because the investigation revealed there was a firearm in the front seat of the vehicle when Appellant picked Anna up, and Anna said that a firearm was "out" during one of the sexual assaults.

Appellant waived his right to a jury trial and pled guilty to both counts of aggravated kidnapping.[1] Count I alleged that Appellant kidnapped Anna with the intent to violate or sexually abuse her and Count II alleged that Appellant used or exhibited a deadly weapon—a firearm—during the commission of the kidnapping. Appellant entered a judicial confession, in which he swore that he had "committed each and every act alleged" in the indictment, except those acts waived by the State. The trial court found him guilty and assessed his punishment at confinement for a term of life for each count.

## Double Jeopardy

In his sole issue, Appellant claims that the two convictions of aggravated kidnapping violate the Fifth Amendment's double jeopardy clause because there was only one victim in one criminal episode. The State agrees there was a violation of double jeopardy. Appellant asks this court to vacate Count I and affirm Count II, claiming the deadly weapon finding is more serious because it impacts Appellant's eligibility for parole. The State agrees that Count I should be vacated, but disagrees as to the reasons.

## Applicable Law

To preserve a double jeopardy complaint, the burden is on the defendant to raise—in some way—a double jeopardy objection "at or before the time the charge is submitted to the jury." *Langs v. State*, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006) (citing *Gonzalez v. State*, 973 S.W.2d 427, 431 (Tex. App.—Austin 1998), *aff'd*, 8 S.W.3d 640 (Tex. Crim. App. 2000)). However, because double jeopardy protections are fundamental, a double jeopardy claim may be raised for the first time on appeal if: (1) "the undisputed facts show the double jeopardy violation is clearly

---

[1]Appellant was also convicted on the same day of one count of aggravated sexual assault and two counts of sexual assault in a separate cause number, which is the subject of the appeal in our cause No. 11-23-00090-CR.

3

apparent on the face of the record" and (2) "when enforcement of the usual rules of procedural default serves no legitimate state interest." *Id.* (quoting *Gonzalez*, 8 S.W.3d at 643). Here, Appellant admits that he did not raise any double jeopardy objections during or after the hearing before the trial court. The State acknowledges that the issue has not been raised prior to this appeal, but also indicates that, in this case, there is no legitimate state interest served to prevent the issue being raised on appeal. Because the legitimate state interest is required to prevent a double jeopardy issue from being raised for the first time on appeal—and the State admits no such interest exists here—we proceed directly to the double jeopardy claim.

The Fifth Amendment provides that no person "shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. The United States Supreme Court has concluded that the Fifth Amendment offers three separate constitutional protections: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense. *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006) (citing *N.C. v. Pearce*, 395 U.S. 711, 717 (1969) *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)). When reviewing a multiple-punishments double-jeopardy complaint, the relevant inquiry is always whether the legislature intended to permit multiple punishments. *Loving v. State*, 401 S.W.3d 642, 646 (Tex. Crim. App. 2013). Thus, in such a case, we must assess whether an appellant has been "convicted of more offenses than the legislature intended." *Ex parte Milner*, 394 S.W.3d 502, 507 (Tex. Crim. App. 2013) (quoting *Ervin v. State*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999)).

To determine whether there are multiple convictions for the same offense, we first apply the "same elements" test laid out in *Blockburger*. *Bien v. State*, 550 S.W.3d 180, 184 (Tex. Crim. App. 2018). Under the *Blockburger* test, "two offenses

4

are not the same if each provision requires proof of a fact which the other does not." *Id*. (citing *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932)).  In Texas, we look to the pleadings and relevant statutory provisions—not to the evidence presented at trial— to inform this test.  *Nawaz v. State*, 336 S.W.3d 739, 744 (Tex. Crim. App. 2022); *Bien*, 550 S.W.3d at 184.  If the two offenses have the same elements, we presume the offenses are the same for double jeopardy purposes.  *Bien*, 550 S.W.3d at 184. This presumption can be rebutted by a clearly expressed legislative intent to create two separate offenses.  *Id.*  If, however, the two offenses do not have the same elements, the judicial presumption is that the offenses are different, and that multiple punishments are permitted.  *Id.* at 185.  This presumption can also be rebutted if it is clear the legislature intended that only one punishment be assessed.  *Id.*

The legislature also decides whether a particular course of conduct involves one or more distinct offenses under a given statute.  *Barnes v. State*, 665 S.W.3d 192, 201 (Tex. App.—Eastland 2023, no pet.) (citing *Bien*, 550 S.W.3d at 185)). This is referred to as the "allowable unit of prosecution."  *See Cavazos*, 203 S.W.3d at 336.  "Absent an express statement defining the allowable unit of prosecution, the gravamen of an offense best describes the allowable unit of prosecution."  *Loving*, 401 S.W.3d at 647 (citing *Gonzales v. State*, 304 S.W.3d 838, 847–48 (Tex. Crim. App. 2010); *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999)).  The gravamen of an offense can be (1) the result of the conduct, (2) the nature of the conduct, or (3) the circumstances surrounding the conduct.  *Id.*

When multiple convictions violate the double jeopardy clause, the remedy is to vacate one of the convictions.  *Bien*, 550 S.W.3d at 188.  The conviction which is the "most serious offense" is retained.  *Id.* (citing *Cavazos*, 203 S.W.3d at 338). "The most serious offense is the offense of conviction for which the greatest sentence was assessed."  *Id.* (internal quotation marks omitted).  For example, in *Cavazos*, the tiebreaker was that restitution was imposed for only one offense.  *See Cavazos*, 203

S.W.3d at 338–39. In *Bien*, the Court of Criminal Appeals reviewed other possible tiebreakers: (1) the consideration of parole eligibility, retaining the conviction which included a deadly weapon finding; (2) the degree of the felony; (3) the offense that was indicted first; and (4) the offense named first in the judgment. 550 S.W.3d at 188. The court in *Bien* also considered that—in circumstances where it is practically impossible to determine which offense is most serious—it may also be preferable to give the State "prosecutorial discretion" to choose which conviction to retain. *Id.* at 188–89.

*Analysis*

Appellant was convicted of two counts of aggravated kidnapping, each count differing only in the aggravating circumstance alleged. Count I tracked the statutory language of subsection 20.04(a) of the Penal Code. *See* PENAL § 20.04(a) ("A person commits an offense if he intentionally or knowingly abducts another person with the intent to . . . violate or abuse him sexually."). Count II charged Appellant under subsection 20.04(b) of the Penal Code. *See id.* § 20.04(b) ("A person commits an offense if the person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense."). The offenses in Count I and Count II are the same—does the person intentionally or knowingly abduct another—but consider the execution of the offense under different aggravating circumstances. *Bien*, 550 S.W.3d at 184. Thus, under the *Blockburger* test, these two offenses have the same elements, and a judicial presumption arises that the offenses are the same for double jeopardy. *Id.*

Here, there is nothing in the statute to indicate that the legislature intended to create multiple offenses under this section. *See* PENAL § 20.04; *Bien*, 550 S.W.3d at 185; *Loving*, 401 S.W.3d 646; *Barnes*, 665 S.W.3d at 201. Further, the allowable unit of prosecution for kidnapping is related to the abduction of a victim. *Llorens v. State*, 520 S.W.3d 129, 138 (Tex. App.—Austin 2017, pet. ref'd) (citing *Gonzales v.*

6

*State*, 270 S.W.3d 282, 288 (Tex. App.—Amarillo 2008, pet. ref'd)). The ultimate issue in a kidnapping is the abduction of the victim, rather than how the offender restrains or prevents the liberation of the victim. *Id.* Aggravated kidnapping, like kidnapping, is a result-oriented offense. *Gonzales*, 270 S.W.3d at 288. Aggravated kidnapping raises the level of culpability in a kidnapping by the addition of an aggravating circumstance—the State may prosecute a person for each victim, but not for the number of aggravating factors that may be present. *Id.* Thus, the allowable unit of prosecution for aggravated kidnapping is also related to the abduction of a victim—and in this case, one victim. *Id.*

Because the offenses were part of the same criminal transaction, and were committed against a single victim, we conclude Appellant's convictions and punishments violate the double jeopardy clause. When multiple convictions violate the double jeopardy clause, the remedy is to vacate one of the convictions. *See Bien*, 550 S.W.3d at 188. Here, both Appellant and the State agree that Count II—which includes a deadly weapon finding—should be retained. The offenses are both first degree felonies, and Appellant received the same sentence in each. *See* PENAL § 20.04. Appellant recommends we consider the impact of the deadly weapon finding on parole, and the State recommends we allow them prosecutorial discretion as to which sentence to vacate. As the parties agree which count to vacate, and both recommend appropriate "tiebreakers" as outlined by the Court of Criminal Appeals, we need not determine which method or tiebreaker to use here. *See Bien*, 550 S.W.3d at 188; *see also* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable."). As such, we vacate Appellant's conviction under Count I and retain the conviction under Count II. Appellant's sole issue on appeal is sustained.

*This Court's Ruling*

We vacate Appellant's aggravated kidnapping conviction under Count I because it violates the double jeopardy clause. Accordingly, we reverse the judgment of the trial court as to Count I and render a judgment of acquittal as to that count. *See Saenz v. State*, 131 S.W.3d 43, 53 (Tex. App.—San Antonio 2003), *aff'd*, 166 S.W.3d 270 (Tex. Crim. App. 2005). We uphold the aggravated kidnapping conviction under Count II, and we affirm the judgment of the trial court as to that count.

W. BRUCE WILLIAMS

JUSTICE

August 30, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

8